## Wilson v. Melcroft Coal Company et al.

(Decided December 11, 1928.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error.—Failure of appellant to file schedule within 90 days after entry of original judgment held not to require dismissal of appeal from order denying permission to appeal in forma pauperis, where schedule was filed within 90 days of entry of order appealed from.

2. Appeal and Error.—In a proper case, a party to a civil action, as well as defendant in criminal proceedings, may be allowed to prosecute an action or appeal in forma pauperis, under Ky. Stats., sec. 884.

3. Appeal and Error.—Where applicant shows he is a poor person within the meaning of Ky. Stats., sec. 884, court must permit him to prosecute action or appeal without payment of costs, since discretion of court in refusing or granting application is not arbitrary.

4. Appeal and Error.—Where affidavit on application for permission to prosecute appeal in forma pauperis under Ky. Stats., sec. 884, showed applicant was incapacitated for labor and had no property or income, and these allegations were not denied, refusal of application was abuse of discretion.

5. Appeal and Error.—Where motion for permission to prosecute appeal in forma pauperis under Ky. Stats., sec. 884, was made after time for filing bill of exceptions had expired, applicant could not rely on bill and was not entitled to a copy thereof, if one should be filed.

6. Appeal and Error.—In absence of bill of exceptions, only questions which may be considered on appeal are whether pleadings support judgment, or whether there is some error appearing in the record which is otherwise shown.

7. Appeal and Error.—One appealing in forma pauperis under Ky. Stats., sec. 884, after time for filing bill of exceptions has expired, is entitled to have clerk furnish such portions of record as will manifest errors complained of and not required to be shown by bill of exceptions.

R. L. POPE and F. L. HUFF for appellant.

SAMPSON & SAMPSON for appellees.

Opinion of the Court by Chief Justice Clay—Reversing.

Everett Wilson, an employee of. the Melcroft Coal Company, applied to the Workmen's Compensation Board for compensation for personal injuries, which, he claims, were sustained by accident arising out of and in the course of his employment. Compensation was denied by the board, and he prosecuted an appeal to the Harlan circuit court, which on April 2, 1928, affirmed the award of the board.

On September 4, 1928, Wilson applied to the Harlan circuit court for permission to prosecute an appeal in forma pauperis. From an order overruling his motion he prosecutes this appeal.

At the outset we are met by a motion to dismiss the appeal on the ground that appellant is here with a partial record, and that he failed to file the schedule within 90 days after the original judgment was entered. It must not be overlooked that this appeal is not prosecuted from the original judgment, but from the order denying his application to prosecute the appeal in forma pauperis, and granting an appeal therefrom. As the schedule was filed within 90 days from the entering of that order, it was in time for the purpose of that appeal, and the motion to dismiss must be overruled. .

Section 884, Kentucky Statutes, provides:

"A poor person residing in this state may be allowed by a court to prosecute or defend action therein without paying costs, whereupon he shall have any counsel that the court may assign him and from all officers all needful services and process without any fees, except such as may be included in the costs recovered from the opposite party."

The statute is not confined by its terms to criminal cases; on the contrary, it is general in its import, and

provides that a poor person residing in this state may be allowed by a court to prosecute or defend action therein without paying costs. As one cannot prosecute himself, the plain meaning of the statute is that he may prosecute an action other than one in which he is defendant charged with a criminal offense, and of necessity this can be done only in a civil action. It follows, therefore, that in a proper case a party to a civil action may be allowed to prosecute an action or an appeal in forma pauperis. Westerfield v. Wilson, 12 Bush, 125; Collins v. Cleveland, 17 B. Mon. 459; Duncan v. Baker, 13 Bush, 514. Though the statute gives to the court discretion in granting or refusing the application, this discretion is not arbitrary, and it is the duty of the court, when the applicant shows that he is a poor person, within the meaning of the statute, to permit him to prosecute the action, or an appeal, without the payment of costs. The affidavit on which appellant's application was based showed that he was incapacitated for labor, and had no property nor income of any kind whatsoever. There being no denial of these allegations it was an abuse of discretion to refuse appellant's application, unless there are other obstacles in the way.

The original judgment confirming the award of the Workmen's Compensation Board was rendered on April 2, 1928, which was during the March term of the Harlan circuit court. On April 4 appellant was given until the 17th day of the May term of the court to prepare, tender, and file his bill of exceptions. No order was made extending the time for filing the bill. The motion for permission to prosecute the appeal in forma pauperis was made on September 4, 1928, which was during the August term of the court. In other words, the motion was made after the time for filing the bill had expired. No bill can now be filed, and no error which has to be shown by the bill can be relied upon for a reversal. That being true, appellant is not entitled to a copy of the bill, should one be filed. In the absence of the bill of exceptions, the only questions that may be considered on the appeal are whether the pleadings support the judgment, or there is some error appearing in the record not required to be shown by the bill of exceptions. Therefore, if appellant intends to rely upon the insufficiency of the pleadings, or some error appearing of record, and not required to be shown by the bill of exceptions, he is entitled to have the

clerk furnish such portions of the record as will manifest the errors complained of.

We therefore conclude that on the showing made appellant's motion should have been sustained to the extent indicated, but, in view of the fact that the clerk of the court is the person to be affected by the order, on the return of the case he will be given notice of the motion and an opportunity to be heard.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.