## Clouse v. Glass Milling Co. et al.

March 11, 1941.

R. L. Pope and D. M. Bingham for appellant.

Cleon K. Calvert for respondent M. G. Slusher.

Logan E. Patterson for respondent Miss Ann Gregory.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Dismissing motion.

On the trial of a case in the Bell circuit court in which Chester Clouse was the plaintiff and Glass Milling Company was the defendant, the jury returned a verdict for the defendant and a judgment was entered dismissing the plaintiff's petition. On January 25, 1941, plaintiff's motion for a new trial was overruled, and he prayed and was granted an appeal. On his motion, he was granted until the sixteenth day of the next regular term of the Bell circuit court to file his bill of exceptions and transcript of evidence. On the same day he filed a motion in the Bell circuit court to be permitted to prosecute the appeal in forma pauperis, and that the circuit clerk and the official court reporter be directed to furnish him without cost a transcript of the clerk's record and a transcript of the evidence used on the trial for the purpose of prosecuting his appeal as a poor person. In support of his motion he filed his own affidavit in which he stated that he was a poor person without money, property or income; that he was a permanent cripple unable to earn any money to pay the cost of transcripts; and that he had no relatives who could or would do so for him. The court overruled his motion, and on February 11, 1941, he filed in the office of the clerk of the Court of Appeals copies of the judgment and the subsequent motions, orders, and affidavit filed in the Bell circuit court, and moved this court to require Matt Slusher, clerk of the Bell circuit court, and Miss Ann Gregory, official court reporter, to furnish to him free of cost transcripts of the clerk's record and the evidence heard on the trial. Notice that such motion would be made was served on Slusher and Miss Gregory

on February 6, 1941. They were not notified when the motion was made in the circuit court, and the circuit judge had before him only the affidavit of the plaintiff when he passed on the motion. The clerk and official reporter, being the parties affected, should have been notified in order that they might controvert the affidavit of the plaintiff if they could and desired to do so. It might be argued that filing of the motion was notice to the clerk, but the record discloses the verdict was returned January 23, and the filing of the motion and grounds for a new trial, the overruling of the motion, the filing of the motion to require the clerk and official reporter to furnish the plaintiff transcripts of the clerk's record and the evidence without cost, and plaintiff's affidavit in support thereof, and the court's action on that motion all occurred on the same day, January 25, and any notice received by the clerk by reason of the filing of the motion was insufficient to afford him a reasonable opportunity to controvert the affidavit.

All proof as to the financial condition of the movant and his ability to pay for a transcript of the record should be heard by the circuit court, and if any party is dissatisfied with the court's ruling a review by this court can be had, but only upon the affidavits filed or proof heard in the trial court. This court is without authority to hear the matter de novo. In Marcum v. Wallace, 240 Ky. 444, 42 S. W. (2d) 531, relied upon by movant in the present case, there is a statement apparently approving the practice of filing in this court affidavits which have not been considered by the circuit court, but, as pointed out in McIntosh v. Armour & Company of Illinois, 279 Ky. 517, 131 S. W. (2d) 393, that statement was unnecessary to a determination of the questions there presented. In the McIntosh case it was said:

"The hearing in this court—prosecuted in the manner outlined in the Marcum opinion—is not a de novo one, since our jurisdiction in the circumstances is that of a reviewing court only, the same as is any ordinary appeal brought to this court. Our only function in disposing of such a motion so made is to determine whether or not the trial court upon the evidence before it properly determined the issue."

It is insisted on behalf of the respondent Miss Ann

Gregory that in no event can she, as the official court reporter, be required to furnish without cost transcripts of evidence taken by her, and Section 4645a-4 of the Kentucky Statutes is relied upon. This section is a part of Chapter 40 of the Acts of 1926. Section 884 of the Kentucky Statutes, enacted in 1892, provides that a poor person residing in this state may be allowed to prosecute or defend action therein without paying costs and shall have from all officers all needful services and process without any fees. The 1926 Act clearly repealed Section 884 in so far as the furnishing of transcripts of evidence in civil cases by the official court reporter without cost is concerned. Section 4645a-4 fixes the compensation of court reporters, but, in providing for the payment of compensation, makes a distinction between civil and criminal cases. Subsection (a) deals with criminal cases, and Subsection (b) with civil cases. Subsection (a) provides that if the transcript of the notes of the official reporter in any criminal case is ordered by the presiding judge, upon the motion of the defendant or his counsel, "the defendant shall be required to pay for the same if, in the opinion of the court, he is able to do so. If it shall appear that the defendant is not able to pay for such transcript, the court shall direct the same to be paid by the county, as heretofore provided." Thus the right of a defendant in a criminal prosecution to appeal in forma pauperis and to have a transcript of the evidence without cost to him is preserved, but the official reporter is paid for the services rendered by him regardless of whether the defendant is permitted to prosecute the appeal as a poor person. Subsection (b) provides that the fees of the official reporter, when serving in civil cases, shall be paid forthwith by the party or parties in whose behalf the transcript is ordered. The subsection concludes: "Provided, however, that said reporter shall not be required to file any of said transcripts without payment therefor by the party or parties in whose behalf the same is ordered." There is no ambiguity in this language. It was clearly the intention of the Legislature that the party in a civil case in whose behalf a transcript of the evidence is ordered should pay to the official reporter the fees fixed by statute. In Subsection (a) of Section 4645a-4 it preserved the right of a defendant in a criminal case to appeal in forma pauperis while providing for the payment of the official reporter's fees by the county, but in Sub-

694

section (b), when dealing with the payment of the official reporter's fees in civil cases, it omitted any provision requiring the official reporter to furnish a transcript without cost. On the contrary, it specifically provided that payment should be made by the party in whose behalf the same is ordered. The right to an appeal is a matter under Legislative control, and the Legislature can either deny the right or permit it under such terms as it deems proper. Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S. W. (2d) 407; Slater v. Commonwealth, 239 Ky. 620, 40 S. W. (2d) 389; McPerkin v. Commonwealth, 236 Ky. 528, 33 S. W. (2d) 622; Carey v. Sampson, 150 Ky. 460, 150 S. W. 531. It has seen proper to require a party desiring to take an appeal in a civil case to pay the official reporter for the transcript of the evidence if ordered by him. It follows from what has been said that in no event can the official court reporter be required to furnish to appellant a transcript of the evidence free of cost.

The motion is dismissed but without prejudice to the plaintiff's right to renew his motion as to the circuit clerk after proper notice.