James Eugene ALCORN, Appellant,

v.

Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellee.

No. 16970.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1961.

James E. Alcorn, in pro. per. Richard M. Kaplan, San Francisco, Cal., for appellant.

Robert Y. Thornton, Atty. Gen., for State of Oregon, Robert G. Danielson, Asst. Atty. Gen., for State of Oregon, for appellee.

Before POPE and HAMLEY, Circuit Judges, and JAMESON, District Judge.

HAMLEY, Circuit Judge.

James Eugene Alcorn, a prisoner in Oregon State Penitentiary, appeals from a district court order denying his application for a writ of habeas corpus. The application was denied without calling for a return and without hearing. This was done on the ground that the application did not state facts upon which relief might be granted and that there was no showing of any attempt to comply with the Oregon Post-Conviction Hearing Act, Oregon Laws 1959, ch. 636, ORS 138.510–680.

In Alcorn's application in the district court for a writ of habeas corpus it was

alleged that in connection with his conviction in the courts of Oregon his federal constitutional rights had been violated in two respects: (1) He was denied the right to legal counsel; and (2) he was coerced into entering a plea of guilty as a result of beatings and the promise of a light sentence.

■ Appellee concedes that Alcorn's application states facts which, if true, establish a violation of his rights under the due process clause of the fourteenth amendment. It follows that if the denial of his application without a hearing is to be sustained it must be on the other ground stated in the district court order.

This other ground, as stated above, is that Alcorn failed to show that he had sought relief under the Oregon Post-Conviction Hearing Act. In essence this is a ruling that, by reason of his failure to proceed under that act, Alcorn has not exhausted his state remedies and therefore, under 28 U.S.C.A. § 2254, is not entitled to proceed in federal court.

■ It appears from the record that in a coram nobis proceeding instituted in a circuit court of Oregon on October 18, 1958, appellant advanced the same contentions concerning lack of counsel and coercion which he makes here. The coram nobis application was stricken. On April 17, 1959, appellant filed in the same state court an amended motion in the nature of coram nobis. A further amendment thereto was filed on July 2, 1959. That court held a hearing thereon and entered an order denying the motion. There is no appeal to the Oregon Supreme Court from an adverse order or judgment in coram nobis. State v. Endsley, 214 Or. 537, 542, 331 P.2d 338, 340.

Alcorn then commenced the instant proceeding, asserting that he had thus exhausted the remedies available to him in the state of Oregon. Appellee, on the other hand, contends that an adequate and complete remedy is available to Alcorn under ORS 138.530(1) (a), a provision of Oregon's Post-Conviction Hearing Act, which became effective on May 26, 1959.[1]

Appellant points out, however, that under one subsection of this act, with certain qualifications not here relevant, no ground for relief may be claimed under that act when such ground has been asserted in any post-conviction proceeding prior to May 26, 1959, and relief was denied by the court.[2] Appellant argues

---

1. ORS 138.530(1) (a) reads as follows:

    "(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

    "(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

2. ORS 138.550(4):

    "(4) Except as otherwise provided in this subsection, no ground for relief under ORS 138.510 to 138.680 claimed by petitioner may be asserted when such ground has been asserted in any post-conviction proceeding prior to May 26, 1959, and relief was denied by the court, or when such ground could reasonably

have been asserted in the prior proceeding. However, if petitioner was not represented by counsel in such prior proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided in the prior proceedings may be raised in the first petition for relief pursuant to ORS 138.510 to 138.680. Petitioner's assertion, in a post-conviction proceeding prior to May 26, 1959, of a ground for relief under ORS 138.510 to 138.680, and the decision of the court in such proceeding adverse to the petitioner, shall not prevent the assertion of the same ground in the first petition pursuant to ORS 138.510 to 138.680 if the prior adverse decision was on the ground that no remedy heretofore existing allowed relief upon the grounds alleged, or if the decision rested upon the inability of the petitioner to allege and prove matters contradicting the record of the trial which resulted in his conviction and sentence."

that since he advanced the grounds upon which he now relies in the Oregon coram nobis proceeding and relief was denied, he is precluded from proceeding under the Oregon Post-Conviction Hearing Act.

■■ In our opinion the prior post-conviction proceedings referred to in ORS 138.550(4) are those which can properly be invoked and in which the state court would have jurisdiction to grant relief. In Alcorn's case coram nobis was not such a proceeding. In State v. Huffman, 207 Or. 372, 392, 297 P.2d 831, 840, it was held that the trial courts of Oregon lack jurisdiction to grant relief under coram nobis if habeas corpus is available for that purpose. Habeas corpus was a remedy available to Alcorn at the time he proceeded by coram nobis. See Huffman v. Alexander, 197 Or. 283, 251 P.2d 87, 253 P.2d 289. Thus Alcorn's coram nobis proceeding was a nullity and does not stand in the way of a new proceeding under the Post-Conviction Hearing Act.

■■ Section 2254 does not require that every possible method of obtaining state court relief be pursued to ultimate conclusion. Where, for example, the highest court of a state has held against a defendant on an appeal from his conviction and certiorari has been denied, section 2254 does not make it necessary for him to thereafter seek collateral relief in the state courts with respect to the same alleged errors. Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469.

But that section does require that some available state procedure be followed. Daugharty v. Gladden, 9 Cir., 257 F.2d 750, 757. Up to now Alcorn has not pursued any Oregon remedy properly available to him, and he may now seek such a remedy under the Post-Conviction Hearing Act.

Affirmed.