**William WRIGHT, Petitioner,**

**v.**

**Honorable Richard B. CRAWFORD, Judge, Jefferson Circuit Court, and Honorable Elmer N. Carrell, Clerk, Jefferson Circuit Court, Respondents.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

William Wright, pro se.

Carl C. Ousley, Jr., Asst. Commonwealth's Atty., Louisville, for respondents.

DAVIS, Commissioner.

William Wright, as petitioner, invokes the original jurisdiction of this court, seeking an order of mandamus against the respondents as judge and clerk, respectively, of the Jefferson Circuit Court. The petitioner, proceeding *pro se*, asserts that he is insolvent and unable to employ counsel. The specific prayer of his petition is thus phrased:

> "Petitioner requests the Appeal Court to issue an order to Judge Richard B. Crawford of the Jefferson County Circuit Court, Common Pleas Branch, Fifth Division, Louisville, Kentucky, and Elmer N. Carrell, Clerk of Jefferson Circuit Court, compelling the Court and Clerk to furnish to the petitioner, without cost, copies of the transcripts of two previous Police Court hearings in this case; also copies of all alleged medical bills including the name of the surgeon who supposedly performed operation on the plaintiff.

> "Petitioner humbly requests that his petition for Writ of Mandamus with allowance to proceed in forma pauperis be granted."

We relate the background of this controversy, as gleaned from the present petition and a response filed to it:

On September 4, 1964, a civil complaint was filed in Jefferson Circuit Court against the present petitioner by Donald E. Armstrong. Armstrong sought compensatory and punitive damages by reason of an alleged malicious assault committed upon his person by petitioner, Wright. Summons was duly issued on the complaint, and a sheriff's return reflects service of the summons upon Wright was had on September 10, 1964. The civil action was assigned to the Fifth Division of the Common Pleas Branch of the Jefferson Circuit Court, over which the respondent judge presides.

On September 19, 1964, Wright, appearing *pro se*, filed a paper designated as "Answer and Response," in which he asserted "insufficient process" deprived the court of jurisdiction. In what manner the proc-

ess was deemed insufficient was not disclosed.

On September 29, 1964, Wright filed another paper, this one captioned "Motion to Dismiss-Notice-Motion-Order," by which he prayed the court to dismiss a purported notice, motion, and order filed by the plaintiff Armstrong. Again Wright appeared *pro se.*

On October 12, 1964, Wright filed another pleading, this one designated "Answer and Response," in which he denied the allegations of the complaint, and pleaded that a criminal prosecution based on the same assault had been dismissed by the Louisville Police Court. This pleading suggested that the plaintiff Armstrong was non compos mentis and urged the court to conduct an inquiry into the mental status of Armstrong. The pleading further alleged that process had not been served upon Wright until October 2, 1964. Once more Wright filed the pleading without assistance of counsel.

The next fragment of the proceedings made known to us is in form of "Instructions Given By The Court June 23, 1965." The instruction was a peremptory for the plaintiff Armstrong, with directions to the jury to assess damages. The jury was permitted to assess compensatory and punitive damages, and by copy of the verdict it appears that the jury did assess compensatory damages in the sum of $526.80 and punitive damages in the sum of $2,000.

On June 30, 1965, Wright, without counsel, filed "Motion for New Trial," in which he advanced three grounds for the relief sought: " (1) Defendant never had counsel and the Court failed to appoint him counsel after defendant notified the Court that he never had funds to employ counsel. (2) Defendant was never notified of date set for trial and case being tried in the absence of the defendant violated defendant's Constitutional Rights. (3) Defendant requests the Court to grant him a new trial, and appoint him counsel since defendant is without the necessary funds to employ competent counsel, so that all the witnesses may be subpoenaed in order that the Court may get a true picture of exactly what happened."

On July 13, 1965, Wright filed a paper styled "Notice of Appeal and Affidavit for Allowance to Proceed in Forma Pauperis." This paper was duly sworn to by Wright, and in it he alleged that he "is on the verge of bankruptcy" and completely without funds wherewith to perfect an appeal to the Court of Appeals. The same document concluded with Wright's prayer that the circuit court clerk and the official court reporter be required to furnish, without cost, transcripts of the clerk's record and of the testimony. On that same date Wright filed a separate motion asking the court to appoint an attorney for him "in accordance with the Notice of Appeal and Affidavit for Allowance to proceed in forma pauperis."

By letter dated July 15, 1965, the trial judge informed Wright that he had no authority to appoint counsel for him in this civil case. The same letter informed Wright that his motion to proceed in forma pauperis was overruled and that pursuant to KRS 426.390 a notation had been made at the foot of the judgment permitting an execution against Wright's person. Wright was told in the letter that an order of court had been issued authorizing Wright's arrest pursuant to KRS 426.390; the letter also apprised Wright of the availability of KRS 426.400 in effecting his release from jail if the arrest occurred. The final paragraph of the letter strongly suggested to Wright that he should obtain counsel, and told him of the availability of the Legal Aid Society of Jefferson County.

So far as we are able to discover, there was no hearing had touching the issue of whether Wright was eligible to proceed in forma pauperis. KRS 453.190 provides:

"Except as provided in paragraph (b) of subsection (2) of KRS 28.460, a court may allow a poor person residing in this state to prosecute or defend any

action therein without paying costs, whereupon he shall have any counsel that the court assigns him and shall have from all officers all needful services and process without any fees, except such as are included in the costs recovered from the adverse party."

In Clouse v. Glass Milling Co., 285 Ky. 690, 149 S.W.2d 9, this court pointed out that it is the duty of the circuit court to adjudicate the question of indigence when a litigant seeks to invoke the provisions of KRS 453.190. The same decision makes plain that even a pauper is not entitled to a free transcript of evidence in a civil case, although the pauper is entitled to the clerk's record. *Clouse* did not advert to the matter of assignment of counsel.

In Parsley v. Knuckles, Ky., 346 S.W.2d 1, this court said that nothing in the common law required counsel in civil cases. In *Parsley* there does not appear from the opinion that the matter of indigence was presented, nor that Parsley prayed for the appointment of counsel. The court did not have KRS 453.190 for consideration under the facts there.

■ Without entering upon full consideration or discussion of whether "due process" demands appointment of counsel for an indigent litigant in a civil case, we are persuaded that the statutorily permitted imprisonment of Wright (KRS 426.390) brings this case within the rationale of the rule applicable to appointment of counsel for indigents in criminal cases. We are unable to perceive a valid distinction between the criminal judgment which imposes jail sentence and the civil judgment which does the same. The litigant's "liberty" is as surely impaired by one as the other. Therefore, for the purposes at bar, *if* it is ultimately adjudicated that Wright is a pauper, he has the same rights as an indigent in a criminal case. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, requires appointment of counsel; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d

811, assures counsel on appeal. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 guarantees a transcript. Cf. Davenport v. Winn, Ky., 385 S.W.2d 185.

Although the specific prayer of the present petition is imperfectly worded, the plain import of the entire procedure is Wright's counsel-less effort to be adjudged a pauper and afforded counsel on appeal with an adequate record.

■ It is ordered that the trial court afford Wright a hearing on the issue of his indigence, and if it is adjudged that he is indigent then counsel for him on appeal shall be assigned by the trial court and record and transcript shall be furnished to him, cost free, for use on appeal.

MONTGOMERY, J., dissenting.