Marion Parker DUKE, Petitioner-Appellant,

v.

John W. WINGO, Warden, Respondent-Appellee.

No. 19174.

United States Court of Appeals Sixth Circuit.

Aug. 13, 1969.

William K. Engeman, court appointed, Cincinnati, Ohio, for appellant.

Joseph H. Eckert, Frankfort, Ky., for appellee, John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellant was convicted in 1954 for manslaughter and sentenced to twenty-one years imprisonment. He attempted to appeal his conviction in forma pauperis but the trial court denied him leave to so proceed. Appellant twice renewed his motion in the trial court but met with no success. The Court of Appeals of Kentucky affirmed the trial court's decision without opinion. After several abortive attempts to attack his conviction collaterally in the Kentucky courts, Appellant petitioned for a writ of federal habeas corpus in the United States District Court for the Western District of Kentucky. The District Court dismissed the application for failure to exhaust state remedies. Appeal was perfected to this Court. This Court, in an opinion by Judge Harry Phillips, held that Appellant had exhausted his state remedies. We reversed and remanded the cause for an evidentiary hearing to determine two questions: First, was Appellant indigent at the time he sought to prosecute an appeal in forma pauperis from his original conviction; second, whether the denial of his application to proceed in forma pauperis deprived him of constitutional rights under Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), which was decided after termination of the state court proceedings in this case.[1] Duke v. Wingo, 386 F.2d 304 (6th Cir. 1967).

On remand, Appellant testified as the only witness. The Commonwealth's case consisted of the appellate record in the Court of Appeals of Kentucky supporting the order of that Court affirming the trial court's rejection of Appellant's motions to proceed in forma pauperis. The District Court reviewed the State Court record and concluded that although Appellant "offered what could be accepted as logical explanation to rebut the [Commonwealth's] evidence", the question of his indigency had been nev-

1. But given retroactive effect in Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958).

ertheless adequately resolved by the Kentucky courts. In addition, the District Court concluded that Appellant had received a full and fair hearing in the State courts, and that the rejection by those courts of his claim of indigency was supported by the record. The District Court dismissed Appellant's petition and he perfected this appeal.

The question before us as framed by counsel for Appellant is whether the District Court accorded Appellant an adequate evidentiary hearing within the meaning of 28 U.S.C. § 2254 on the question of his indigency.

Section 2254 governs the conduct of evidentiary hearings in federal courts in proceedings to test state custody. This Section provides generally that a state court's findings when properly introduced in the hearing shall be presumed correct. Accordingly, the burden is placed upon the applicant "to establish by convincing evidence that the factual determination by the state court was erroneous." 28 U.S.C. § 2254(d). The District Court concluded that the State Court's finding that Appellant was not indigent was supported by the record developed in the trial court hearings on the issue, see 28 U.S.C. § 2254(d) (8), and that Appellant did not establish that this finding was erroneous.

Appellant attempts to bring himself within certain exceptions to the rule that state court findings are presumptively correct by claiming that such findings were never made in his case. His claim, stated in the language of one of these exceptions, is that "the merits of the factual dispute were not resolved in the state court hearing." 28 U.S.C. § 2254(d) (1). If in fact the Kentucky Courts did not decide the question of his indigency, Appellant would be entitled to a *de novo* hearing in the District Court on that issue. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1964).

In *Townsend*, the Supreme Court said that where there has been no express finding of fact by the state courts, and none was made in the state court proceedings in this case, the District Court may reconstruct or infer the material fact—in this case the fact that Appellant was not indigent—from the record of the state court proceedings. But Appellant contends that the District Court could not properly infer the fact of his non-indigency because the state courts did not apply the correct standard in disposing of his motion to proceed in forma pauperis.

Appellant's theory rests on the fact that he was denied leave to proceed as a pauper before the Supreme Court's decision in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), which held that states may not constitutionally discriminate against poor persons who seek to appeal. According to *Griffin* and subsequent Supreme Court decisions delimiting the rights of poor persons to have their convictions reviewed, the Fourteenth Amendment requires that states provide to everyone equal access to their courts and furnish to paupers at public expense pertinent trial records to enable these individuals to proceed on appeal as effectively as those who are able to pay their own way. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969).

Appellant's view of Kentucky law prior to *Griffin* is that the courts of Kentucky had discretion to permit a litigant to proceed in forma pauperis. Under this discretionary standard, Appellant contends, Kentucky courts were free to reject an indigent's motion to proceed as a pauper for improper reasons, for instance, that a particular case did not warrant subjecting the State to the expense of providing a record. Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). Coming to the instant case, Appellant contends that it is impossible to discern from the state court records upon what basis Appel-

lant's claim to proceed as a pauper was rejected since the state courts never set forth their reasons for rejecting his claim. So, given the wide-open discretion of the state courts to reject pauper's appeals and the silent record in this case, the District Court could not, Appellant contends, reasonably infer that the state courts rejected Appellant's claim upon a finding that he could pay the costs of an appeal.

Appellant has, however, misconstrued Kentucky law prior to *Griffin* as it related to a litigant's ability to proceed in forma pauperis. KRS 453.190, which was enacted before *Griffin*, authorizes Kentucky courts to allow "poor person[s] residing in this state to prosecute or defend any action therein without paying costs." Although this statute contains language suggesting that the granting of leave to institute pauper's proceedings is a matter of discretion, the courts of Kentucky have not construed it in that way. Several state court decisions before *Griffin* had established the right to proceed as a pauper and the right to a free transcript upon a showing of indigency. The only effect of *Griffin* was to give constitutional dimension to an already established statutory right. For example, in Wilson v. Melcroft Coal Co. et al., 226 Ky. 744, 11 S.W.2d 932, 933 (1928), the Kentucky Court of Appeals construed the predecessor to KRS 453.-190 in the following manner:

> "Though the statute gives to the court discretion in granting or refusing the application, this discretion is not arbitrary, and it is the duty of the court, when the applicant shows that he is a poor person, within the meaning of the statute, to permit him to prosecute the action, or an appeal, without the payment of costs. The affidavit on which appellant's application was based showed that he was incapacitated for labor, and had no property nor income of any kind whatsoever. There being no denial of these allegations it was an abuse of discretion to refuse appellant's application * * *."

Accord: Pearson v. Commonwealth, 290 S.W.2d 474 (Ky.1956); Marcum v. Wallace, 240 Ky. 444, 42 S.W.2d 531 (1931); Clouse v. Glass Milling Co., 285 Ky. 690, 149 S.W.2d 9 (1941).

Under Kentucky procedure, both before and after *Griffin*, the applicant must show that he is without funds to vindicate his rights. Once that showing is made the trial court must allow him to proceed at state expense. It will be an "abuse of discretion" not to permit him to do so. Braden v. Commonwealth, 277 S.W.2d 7 (Ky.1955). The function of the Kentucky Court of Appeals is not to conduct a hearing *de novo* on the indigency question, but to review the trial court's determination to see whether the evidence developed therein supports it. Clouse v. Glass Milling Co., 285 Ky. 690, 149 S.W.2d 9 (1941).

This is exactly what happened in the case before us. Appellant filed an affidavit in support of his motion to proceed in forma pauperis claiming that he was without funds to prosecute his appeal. The Commonwealth filed counter-affidavits relating solely to the issue of Appellant's claimed indigency and, unless we indulge in the contrary presumption that the trial court acted in a lawless manner, this is exactly the issue that the trial court faced in overruling Appellant's motion. In so doing, the trial court noted that it had been "sufficiently advised from said verified motion and said affidavits and remarks of counsel * * *."

We determine that, inasmuch as Kentucky law required the trial court to allow Appellant to proceed as a pauper if he could show that he was indigent, and the only issue joined by the parties before the trial court was Appellant's indigency, the District Court could reconstruct from the state court records the finding that Appellant Duke was not a pauper. Consequently, as provided in 28 U.S.C. § 2254(d), the District Court was not compelled to conduct a *de novo* hearing on that issue. It could properly defer as it did to the finding of the Ken-

tucky courts that Appellant's claim was without merit.

Affirmed.

PHILLIPS, Circuit Judge (dissenting).

I respectfully dissent. Although the District Court held an evidentiary hearing at which the petitioner testified, it deferred to what it regarded as a state court finding that the petitioner was not indigent at the time he sought to appeal in forma pauperis to the Kentucky Court of Appeals. The state courts never held an evidentiary hearing as to whether the petitioner was indigent, and there is no written finding by the state courts to the effect that he was not indigent. On such a record it is my view that the District Court erred in deferring to the decisions of the state courts. 28 U.S.C. § 2254(d).

Before the District Court the attorney for the Commonwealth of Kentucky said:

"At the time that Mr. Duke attempted to get a free transcript for his appeal, this was in 1954, the rule followed in Kentucky, of course, was that it was within the discretion of the Circuit Court whether to grant it or not."

Braden v. Commonwealth, 277 S.W.2d 7 (Ky.), makes it clear that in Kentucky prior to Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, appellate proceedings in forma pauperis and their prerequisites could be denied even though the defendant established the fact that he was a pauper. From the state court records in this case I am not able to determine what was the basis of the denial of an appeal in forma pauperis to the Kentucky Court of Appeals. The uncontradicted evidence presented during the evidentiary hearing in the District Court on the question of indigency was to the effect that Duke was an indigent at the time he sought to appeal.

I therefore would grant the writ conditioned on the petitioner's being allowed a delayed appeal to the Kentucky Court of Appeals or granted a new trial.