Ralph E. DESMOND et al., Plaintiffs,

v.

George H. HACHEY et al., Defendants.

Andrew T. LEEMAN et al., Plaintiffs,

v.

Walter HIGGINS, Sr., et al., Defendants.

Civ. A. Nos. 11–73, 11–82.

United States District Court,
D. Maine, S. D.

July 21, 1970.

land, Me., for defendants George H. Hachey, and others.

Carl R. Trynor, Merle C. Rideout, Jr., Portland, Me., Charles T. Small, Bath, Me., Robert T. Coffin, Brunswick, Me., A. MacNichol, So. Portland, Me., for defendants Walter Higgins, Sr., and others.

Before COFFIN, Circuit Judge, and GIGNOUX and GARRITY, District Judges.

## OPINION

GIGNOUX, District Judge.

■ These are consolidated class actions brought by certain judgment debtors against the sheriffs, two deputy sheriffs and two disclosure commissioners of Cumberland and Kennebec Counties, Maine, and the respective judgment creditors. Plaintiffs seek a declaratory judgment and injunctive relief.[1] Jurisdiction is properly invoked under the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3) and (4), and a three-judge District Court has been convened pursuant to 28 U.S.C. § 2281. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). At issue is the constitutional validity of Section 3505 of the Maine Debtor Disclosure Law, 14 M.R.S.A. § 3151 et seq., which permits the arrest and incarceration, without a hearing, of a judgment debtor who has failed to obey a subpoena for his appearance and examination at a disclosure hearing. Plaintiffs are members of a class composed of judgment debtors who have failed to respond to a disclosure commissioner's subpoena and who are threatened with immediate arrest and incarceration under the statute. We have concluded that the statute in question violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and accordingly that it is void and may no longer be enforced.[2]

Donald E. Fontaine, Robert E. Mittel, Portland, Me., Stephen P. Beale, Lewiston, Me., Michael J. Gentile, Skowhegan, Me., for all plaintiffs.

Sidney H. Geller, Roger A. Welch, Waterville, Me., Foahd J. Saliem, Oak-

1. Plaintiffs have waived any claims for damages. See Westberry v. Fisher, 309 F.Supp. 12 (D.Me.1970).

2. In view of this conclusion, we do not reach plaintiffs' further contentions that the challenged statute also violates the

## I

The Maine Debtor Disclosure Law is substantially the same today as at the end of the nineteenth century.[3] The system works as follows:

After obtaining a judgment in a contract action for an amount in excess of $10.00, a creditor who is unable to satisfy the judgment is entitled to initiate disclosure proceedings against the debtor. To do so, the creditor petitions a disclosure commissioner[4] in the county in which the debtor resides. 14 M.R.S.A. § 3451. Upon the petition, the disclosure commissioner issues a subpoena to the debtor "to appear and make disclosure" of his assets. *Id.* If the debtor appears and makes disclosure, upon his relinquishment of his non-exempt assets to satisfy the judgment, or if he has no non-exempt assets, he is administered the "poor debtor oath" and is released from the debt. 14 M.R.S.A. §§ 3501, 3503,

3551, 3711. If the debtor appears but fails to satisfy the judgment or to receive the oath for any reason, the commissioner issues a capias for the arrest and imprisonment of the debtor, 14 M.R.S.A. § 3552.[5] If the debtor fails to appear before the disclosure commissioner at the appointed time, the commissioner proceeds according to the terms of Section 3505, the provision under attack here, which provides:

§ 3505. *Default recorded for nonappearance*

If a debtor, cited to disclose on a judgment where the original debt exclusive of costs exceeds $10, fails to appear and submit himself to examination at the time and place named in subpoena, the petitioner may have a default recorded and then proceed as in section 3552 or have a capias to bring in such debtor and proceed as in section 253.

---

Equal Protection Clause of the Fourteenth Amendment, the Fourth, Sixth and Eighth Amendments, and that it constitutes a Bill of Attainder in violation of Article I § 9, cl. 3 of the United States Constitution. Since the statute so plainly conflicts with the Due Process Clause, we rest our decision on that ground.

3. *See* An Act for the Abolition of Imprisonment of Honest Debtors for Debt, Public Acts of Me., ch. 520 (1831); An Act to Provide Additional Remedies for the Enforcement of Judgments, Acts and Resolves of Me., ch. 67 (1878); An Act to Abolish Imprisonment for Debt Except in Cases of Fraud, Laws of Me., ch. 137 (1887) as amended, Acts and Resolves of Me., ch. 330 (1897).
The intricacies of the law are closely analyzed in Webber, The Maine Poor Debtor Law—In Theory and In Fact, 1958, unpublished Thesis in the State Law Library, Augusta, Maine. *See* Address by the Hon. Edward N. Merrill, II, Maine Bar Association Mid-Winter Meeting, Feb. 7, 1970, Discharge or Remand of Imprisoned Debtor, for a historical discussion of the evolution of the Maine Poor Debtor Law. *See generally* Ford, Imprisonment for Debt, 25 Mich.L.Rev. 24 (1926).

4. A disclosure commissioner is a county official, appointed by the Governor, to conduct disclosure proceedings and administer the poor debtor oath. Disclosure commissioners must be lawyers. 14 M.R.S.A. § 3351.

5. Section 3552 provides in relevant part:
If upon such disclosure the debtor fails to obtain the benefit of the oath provided for in section 3711, the magistrate shall, under his hand and seal, indorse a certificate of that fact upon the execution in force at the time of said disclosure, and a copy of said certificate shall be indorsed on every subsequent execution issued on said judgment, or on any judgment founded thereon. Such subsequent execution shall run against the body of said debtor, where the original debt exclusive of costs exceeds $10 and not otherwise. The magistrate shall issue a capias under his hand and seal, and annex the same to said execution in force at the time of said disclosure, and the debtor may be arrested and imprisoned on said capias and execution, where the original debt exclusive of costs exceeds $10 and not otherwise. No execution shall run against the body of a judgment debtor who is exempt from arrest by section 3301.

If the creditor elects the section 3552 option, and nearly all creditors do,[6] the disclosure commissioner must then issue a capias to incarcerate, which is annexed to the execution on the judgment and customarily delivered to the creditor. The creditor at that point may have the debtor arrested and imprisoned at will. There is no opportunity for a hearing to determine why the debtor failed to appear at the disclosure hearing.

Upon incarceration, the remedial provisions of the law come into effect. Presently relevant is 14 M.R.S.A. § 3554, which was enacted this year as emergency legislation. Pub.L.Me., ch. 590 § 18-B (1970).[7] Section 3554 provides:

§ 3554. *Hearing*

A sheriff or jailor having an imprisoned debtor in his custody by virtue of process issued pursuant to sections 3505 or 3552 shall immediately upon convening of the next regular session of the nearest District Court notify the Judge of the District Court that he has such imprisoned debtor in his custody and request the judge to hold an examination and hearing to determine whether the oath as provided in section 3711 should be administered and whether the debtor should be discharged. The judge shall forthwith set a time and place for such examination and hearing, which hearing shall be held not later than the next regular session of said court after the notice and request of the sheriff or jailor.

The judge shall immediately give such notice of the hearing as he deems appropriate to the disclosure commissioner who issued the process by which the debtor was imprisoned and to the creditor in order that they may attend the hearing and be heard. Upon receiving such notice the disclosure commissioner shall be required to immediately transmit to the judge issuing such notice certified copies of all process which he has in his possession with reference to the matter, including, but not limited to, copies of the original petition, subpoena and return of service, together with copies of any docket entries which he may have made.

After examination and hearing and an examination of all process, the judge shall administer the oath provided in section 3711 and shall discharge the debtor, if upon such examination and hearing he is entitled thereto. If, after such examination and hearing the judge shall determine that the process is proper and that there is no entitlement to the oath on the part of the debtor, he shall be remanded for imprisonment under the existing commitment.

The requirement of Section 3554 that the hearing before the district judge must be held "not later than the next regular session" of the court means that, under normal circumstances, the debtor will be brought before a court for a hearing within two to ten days of his incarceration, depending upon the county in which and the day on which he was arrested.

## II

The constitutional issue presented is a narrow one. It is whether the failure

---

6. During the last three years the two disclosure commissioners who are defendants in this proceeding issued a total of 966 disclosure subpoenas and 470 capiases to incarcerate, of which 367 were for failure of the debtor to appear and 103 for his failure to obtain the benefit of the poor debtor oath. A total of 179 debtors spent 1,754 days in debtors' prison pursuant to capiases to incarcerate in the two counties involved in this litigation.

7. Other remedial relief is provided by 14 M.R.S.A. § 3705, which permits the incarcerated debtor to be released by giving a bond to his creditor, and by the 1969 amendment to 14 M.R.S.A. § 3552, Pub.L.Me., ch. 432 (1969), which appears to have been substantially superseded by Section 3554.

of Section 3505 to afford the debtor an opportunity to be heard, *before* he is incarcerated, as to why he failed to obey the disclosure commissioner's subpoena, deprives the debtor of due process of law. Where the infringement upon a person's liberty is so apparent, no extended discussion is necessary to demonstrate that by denying the debtor any opportunity to explain his absence at the disclosure hearing, Section 3505 violates the most basic requirement of due process.

"The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914); Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). *See also* Link v. Wabash Railroad Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Anderson National Bank v. Luckett, 321 U.S. 233, 246, 64 S.Ct. 599, 88 L.Ed. 692 (1944). Such hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, *supra,* 380 U.S. at 552, 85 S.Ct. at 1191. "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656–657, 94 L.Ed. 865 (1950).

Judged by this standard, the procedure provided by Section 3505 fails to meet even the minimum demands of due process. It is clear that the effect of this statute is to allow, at the option of the creditor, the immediate incarceration, without opportunity to be heard, of a debtor who has failed to obey a disclosure commissioner's subpoena. Section 3505 permits the arrest and imprisonment of the debtor, not because he has failed to pay the judgment debt, in which case it could be argued that he has had his day in court, *cf.* Endicott Johnson Corp. v. Encyclopedia Press, 266 U.S. 285, 288, 45 S.Ct. 61, 69 L.Ed. 288 (1924), but because he has failed to respond to the subpoena. Willful failure to obey a court subpoena is unquestionably a contempt of court. Blackmer v. United States, 284 U.S. 421, 437–440, 52 S.Ct. 252, 76 L.Ed. 375 (1932); Me. R.Civ.P. 45(f). *Cf.* Fed.R.Civ.P. 45(f). But inability to comply with a subpoena is a defense to the contempt charge. United States v. Bryan, 339 U.S. 323, 330, 70 S.Ct. 724, 94 L.Ed. 884 (1950); United States v. Thompson, 319 F.2d 665, 670–671 (2d Cir. 1963); 1 Wright, Federal Practice and Procedure § 279 at 568–569 (1969). *Cf.* Maggio v. Zeitz, 333 U.S. 56, 69–77, 68 S.Ct. 401, 92 L.Ed. 476 (1948); Brotherhood of Locomotive Firemen and Enginemen v. Bangor & Aroostook Railroad Co., 127 U.S.App. D.C. 23, 380 F.2d 570, 581–582, cert. denied, 389 U.S. 327, 970, 88 S.Ct. 437, 463, 19 L.Ed.2d 560, 461 (1967); Parker v. United States, 153 F.2d 66, 70 (1st Cir. 1946). Significantly, counsel have been unable to indicate, and our research has failed to disclose, any other procedure whereby a person may be summarily jailed for failure to obey a subpoena.[8] There can be no doubt that in this instance, also, due process requires that the debtor be entitled to a hearing with an opportunity to present any defense he may have. Whether the Section 3505 capias be considered civil or criminal process, as Chief Justice Traynor observed in In re Harris, 69 Cal.2d 486, 72 Cal.Rptr. 340, 344, 446 P.2d 148, 152 (1968), "A defendant who is deprived of his liberty by civil process is as much entitled to due process of law as a defendant who is deprived of his liberty because he is charged with crime."

---

8. Section 3505 appears to be *sui generis* even in Maine law. Failure to obey any other subpoena results only in a capias to bring in, and before any punishment may be imposed, an independent determination must be made of whether reasonable excuse for such failure existed. *See* 16 M.R.S.A. § 102; 14 M.R.S.A. §§ 252, 253; Me.R.Civ.P. 45(f).

Defendants argue that 14 M.R.S.A. § 3554, the remedial legislation adopted this year by the Maine Legislature, cured whatever defect Section 3505 might have had. As noted above, this provision in effect assures that a jailed debtor, under normal conditions, will not spend more than two to ten days in prison without being brought before a judge to disclose his assets. But while this procedure is an improvement, it nevertheless cannot pass constitutional muster. The evil attacked here is the summary imprisonment of one who, for whatever reason, fails to obey a disclosure commissioner's subpoena. Such a drastic infringement upon personal liberty cannot be tolerated unless the procedure is hedged about with sufficient safeguards to assure that one who is innocent of any wrongdoing will not be punished. Only a procedure which provides an opportunity for the debtor to explain, prior to incarceration, why he failed to obey the subpoena can adequately meet the constitutional imperative. Due process normally requires a hearing and an opportunity to present a defense *before* incarceration, and the fact that there is a subsequent procedure by which the debtor may obtain his release does not change the result. In re Harris, *supra*. *Cf*. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Wright v. Crawford, 401 S.W.2d 47 (Ky.1966). *See also* Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

For the foregoing reasons, we hold that so much of 14 M.R.S.A. § 3505 as permits the arrest and incarceration, without a hearing, of a judgment debtor who has failed to obey a subpoena for his appearance and examination at a disclosure hearing is void and unenforceable because it denies to such a debtor the due process of law guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

Plaintiffs shall submit a proposed form of declaratory judgment and injunction, with notice to defendants, within ten days. Defendants may present their comments thereon within five days thereafter.