**Allen HILL, Jr., Petitioner,**

v.

**Charles ANDERSON, Respondent.**

**Civ. A. No. 79–73640.**

United States District Court,
E. D. Michigan, S. D.

June 27, 1980.

Allen Hill, Jr., pro se.

J. Peter Lark, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondent.

## MEMORANDUM OPINION

JOINER, District Judge.

On October 7, 1976, petitioner Allen Hill, Jr. was convicted of armed robbery, in violation of M.C.L.A. 750.529, by a jury in the Circuit Court for the County of Calhoun, Michigan. In November of 1976, petitioner received a sentence of ten to twenty years' imprisonment for this offense, which he is now serving at the State Prison of Southern Michigan at Jackson, Michigan. Petitioner's conviction was affirmed by the Michigan Court of Appeals on January 16, 1979.

On January 30, 1979, petitioner filed with the Michigan Supreme Court a "letter request" for review of the Court of Appeals' decision, pursuant to Michigan Supreme Court Order No. 1974–4, 400 Mich. lxvii (1977). The Supreme Court denied the granting of any relief by order stated July 16, 1979.

On September 19, 1979, petitioner filed an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with this Court.

Respondent has filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) and an alternative motion for summary judgment pursuant to F.R.Civ.P. 56(b). In support of these motions, respondent argues that petitioner has not exhausted his available state remedies, as required by 28 U.S.C. § 2254(b) and (c), with respect to the claims he seeks to raise in this action. respondent bases this argument on the fact that petitioner has only filed a "letter request" for review with the Michigan Supreme Court, pursuant to Administrative Order No. 1977–4, 400 Mich. lxvii (1977), and has never filed a delayed application for leave to appeal pursuant to Mich.G.C.R. 853.2(3) with that Court. Respondent contends that petitioner is still free to file a delayed application for leave to appeal with the Michigan Supreme Court, and has filed the affidavit of Corbin R. Davis, a Deputy Michigan Supreme Court Clerk, in support of that contention. In his affidavit, Mr. Davis states that even though the Supreme Court has denied a defendant's "letter request" for review pursuant to Administrative Order 1977–4, "an affected defendant is not precluded thereby from filing an application for leave to appeal or a delayed application for leave to appeal." Mr. Davis also states:

This Court uniformly gives consideration to applications and delayed applications for leave to appeal in criminal cases without regard to whether or not resort has been had by defendant to Administrative Order 1977–4, and without regard to the time requirements for delayed appeal as set forth in GCR 1963, 852.2(3).

Respondent argues that petitioner should be required to file a delayed application for leave to appeal to the Michigan Supreme Court, because the filing of such an application results in a different and more extensive review than does the filing of a "letter request" pursuant to Administrative Order 1977–4. Respondent asserts that there is no briefing of the issues or presentation of arguments in the "letter request" procedure, whereas an application for leave to appeal results in "a structured appeal by the appellant in which he may raise specific points of appeal with supporting brief and references to applicable parts of the record." Brief in Support of Motion to Dismiss, p. 5. Respondent also points out that proceeding by way of delayed application for leave to appeal offers the appellant an opportunity to raise issues which were not raised in the courts below, since the Michigan Supreme Court has the power to consider such issues.

Michigan Supreme Court Administrative Order 1977–4, 400 Mich. lxvii (1977) provides:

On Order of the Court, Administrative Order 1975–9 395 Mich. xliii, hereby is vacated.

It is further ordered, effective immediately, that indigent incarcerated defendants in criminal cases may submit to this Court a letter requesting that a Court of Appeals decision, the Court of Appeals record and the trial court record be considered by this Court to determine whether leave to appeal or other relief deemed appropriate by this Court should be granted. The letter must be dated and signed by the defendant concerned in the Court of Appeals decision, and need only contain but must contain the following information:

'I request that the Michigan Supreme Court consider the decision in my case by the Court of Appeals, dated ———, Case No. ———, together with the Court of Appeals record and the trial court record, to determine whether leave to appeal or other relief should be granted to me.

I am incarcerated at ———.'

Letter requests are to be addressed to Supreme Court Clerk, P.O. Box 30052, Lansing, Michigan 48909, and will be considered and acted on by this Court only in those cases where (a) the letter request is received by the Clerk within 6 months after the decision of the Court of Appeals, and (b) the decision of the Court of Appeals was a decision on the merits made after the filing of a claim of appeal

with that Court as of right or on leave granted by that Court.

The Clerk of this Court will advise each defendant concerned that his letter has been received and filed and will be acted upon by the Court or of the reason why the letter is considered not acceptable for filing. If accepted for filing, the prosecutor concerned will be notified of the fact. The Court will consider the Court of Appeals decision and the records of the Court of Appeals and of the trial court to determine, on such record, whether in its discretion leave to appeal or other relief should be afforded to the defendant.

■ It seems apparent that this order was promulgated to provide indigent incarcerated defendants—who have no right to appointed counsel after the completion of their appeal to the Michigan Court of Appeals—with an alternative procedure for appealing to the Michigan Supreme Court which is simpler than the filing of an application for leave to appeal pursuant to G.C.R. 853.2, which requires the preparation and submission of a formal statement of questions and the briefing of each issue.

The Michigan Supreme Court, by the terms of Administrative Order No. 1977–4, has made an unqualified commitment to review, in every letter request proceeding, the Court of Appeals' decision and the record of the Court of Appeals and of the trial court to determine whether leave to appeal or other relief should be afforded the defendant. Review of the record of the Court of Appeals necessarily includes consideration of all issues raised by the defendant to the Court of Appeals; indeed, when a defendant chooses to proceed by letter request, it seems obvious that the Supreme Court will necessarily rely on the Court of Appeals briefs and decision for purposes of identifying the defendant's specific claims of error. For this reason, it is the opinion of this court that a defendant who has filed a "letter request" with the Michigan Supreme Court must be considered to have presented to that Court all those issues which he raised to the Michigan Court of Appeals. A review of the Michigan Court of Appeals record in petitioner's case reveals that he has raised all the claims he seeks to raise in this habeas action to that Court. Therefore, he has fulfilled the requirement that a federal habeas petitioner who was convicted in Michigan must have presented the claims he seeks to raise in the habeas action to both the Michigan Supreme Court and the Michigan Court of Appeals. *Winegar v. Corrections Department*, 435 F.Supp. 285 (W.D.Mich.1977), *aff'd without opinion*, 582 F.2d 1281 (1978); *Dombkowski v. Johnson*, 488 F.2d 68 (6th Cir. 1973).

■ Moreover, once the issue sought to be raised in the habeas proceeding "has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations to such court by additional attempts through a variety of successive motions." *Duke v. Wingo*, 386 F.2d 304, 306 (6th Cir. 1967). Generally, a habeas petitioner is required to have raised the claims he seeks to raise in the habeas actions only once to the state courts; he is not required to present those claims to the state courts by all possible alternative procedures. *Leftwich v. Coiner*, 424 F.2d 157 (4th Cir. 1970); *United States ex rel. Frinks v. Barwick*, 331 F.2d 597 (4th Cir. 1964); *Thomas v. Cunningham*, 313 F.2d 934 (4th Cir. 1963); *Grundler v. State of North Carolina*, 283 F.2d 798 (4th Cir. 1960); *Sims v. Alvis*, 242 F.2d 506 (6th Cir. 1957); *Thompson v. Procunier*, 539 F.2d 26 (9th Cir. 1976); *Alcorn v. Gladden*, 286 F.2d 689 (9th Cir. 1961).

Since petitioner in the instant case has presented the claims in question once to the Michigan Supreme Court by means of the "letter request", a repetitive presentation of those claims by way of the alternative procedure of filing a delayed application for leave to appeal is not required.

It is, therefore, the opinion of this court that petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254(b) and (c) with respect to the claims he seeks to raise in this habeas proceeding.

For the reasons given above, respondent's motion to dismiss and motion for summary

judgment will be denied. Respondent will be required to file a responsive pleading which addresses the merits of the issues raised in the petition for a writ of habeas corpus within twenty days of the date of this opinion. An appropriate order will issue.