**Ronald A. JONES, Petitioner-Appellant,**

v.

**Dale FOLTZ, Warden,
Respondent-Appellee.**

No. 80–1230.

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1981.

Decided April 29, 1981.

Ronald A. Jones, pro se.

Jack A. Guttenberg, Cleveland, Ohio (Court appointed), for petitioner-appellant.

Frank J. Kelley, Atty. Gen., Keith D. Roberts, Asst. Atty. Gen., Thomas L. Casey, Lansing, Mich., for respondent-appellee.

Before LIVELY and BROWN, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant, Ronald A. Jones, was convicted in a Michigan state court of the crimes of criminal sexual conduct in the first degree and armed robbery. He appealed his conviction to the Michigan Court of Appeals, which affirmed. Appellant then filed a letter request for consideration of his case by the Michigan Supreme Court under its

Administrative Order No. 1977–4. This order permits an indigent defendant in a criminal case to obtain review of an adverse decision by the Michigan Court of Appeals by writing a letter to the Supreme Court requesting such review. The Supreme Court of Michigan, after review, denied relief.

Appellant then filed a habeas proceeding in the United States District Court for the Western District of Michigan, and after response, the matter was referred to a magistrate for a report and recommendation. The contention made in the response was that the habeas petition must be dismissed on the ground that appellant had not exhausted his state remedies. More particularly, the respondent contended that since, under Michigan procedure, appellant could still file a delayed application for leave to appeal in the Supreme Court of Michigan and could, by following such procedure, obtain a more complete review of his contentions, he had not exhausted his remedies in the state courts. The magistrate concluded that, since appellant could obtain such review in the Supreme Court of Michigan, he had not exhausted his state remedies and therefore, consistent with the position of respondent, recommended dismissal. The district court adopted the magistrate's view and dismissed the action.

Precisely this issue was raised in the United States District Court for the Eastern District of Michigan in the case of *Hill v. Anderson*, 492 F.Supp. 930 (E.D.Mich. 1980). This decision, we point out, was rendered and reported after that by the district court in the instant case. In that decision, Judge Joiner recognized that under Michigan procedure a habeas applicant can, after having been denied relief by the Michigan Supreme Court following review by letter request, have another review by the Michigan Supreme Court by applying for leave to appeal or a delayed leave to appeal and, by such procedure, have a more complete review than he had received by his letter request. Nevertheless, Judge Joiner concluded that the review that appellant had received from the Michigan Supreme Court by virtue of the letter request was sufficient to satisfy the requirement that he exhaust his state remedies.

We conclude that, for the reasons stated in Judge Joiner's opinion, appellant here had exhausted his state remedies at the time he filed the instant petition in the district court. One of the cases cited in Judge Joiner's opinion, *Duke v. Wingo*, 386 F.2d 304 (6th Cir. 1967), *after remand*, 415 F.2d 243 (1969), *cert. denied*, 397 U.S. 1013, 90 S.Ct. 1243, 25 L.Ed.2d 426 (1970), states at 386 F.2d at 306:

> Once an issue of asserted constitutional violation has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations to such court by additional attempts through a variety of successive motions. *Coleman v. Maxwell*, 351 F.2d 285 (6th Cir.).

It is therefore Ordered that the judgment of the district court dismissing this action be and the same is hereby reversed and the case is remanded for further proceedings in accordance with this opinion.