Tommie E. L. WILLIAMS, Petitioner,

v.

OKLAHOMA CITY, a municipal corporation, the Municipal Criminal Court of Oklahoma City, and Phillip E. Lambert, Judge thereof, Respondents.

No. A–14553.

Court of Criminal Appeals of Oklahoma.

April 3, 1968.

<hr />

Jon F. Gray, Legal Aid Society, Supulpa, for petitioner.

Roy H. Semtner, Municipal Counselor, Jerry R. Fent, Asst. Municipal Counselor, for defendants.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which Tommie E. L. Williams seeks an order of this Court directing the preparation of casemade at the expense of the City of Oklahoma City in order that he may perfect an appeal to this Court from the judgment and sentence rendered against him in the Municipal Criminal Court of Oklahoma City, where he was charged, tried and convicted for a violation of the city ordinance of Oklahoma City and sentenced to serve 90 days in the city jail and a fine of $50.00. The petitioner, an indigent represented by the Legal Aid Society, made a timely request for a casemade at city expense and at a hearing, conducted before the trial judge, it was determined that he was unable to pay for a casemade and would, if convicted in state court for a violation of state statute, be entitled to a casemade at public expense. His application for casemade was denied by the trial court for the reason that neither the statutes of the State of Oklahoma, nor the city ordinances of Oklahoma City, authorize the preparation of a casemade at city expense in order that an indigent person may perfect an appeal to this Court. We are of the opinion that the trial court correctly ruled that neither the statutes of the State of Oklahoma nor the city ordinances of Oklahoma City authorize the preparation of casemade or transcript at city expense, and this leads us to a consideration of the petitioner's allegation that to deny him the preparation of casemade at city expense would be a denial of the equal protection clause of the Federal Constitution made obligatory upon the states by the 14th Amendment of the Constitution of the United States. The petitioner does not cite authority where the Supreme Court of the United States has ever ruled that an indigent person has a right to casemade at city expense in order to perfect an appeal from a conviction for a violation of city ordinance. Although we have carefully reviewed numerous holdings of the Supreme Court of the United States, we are unable to find a single instance where by dicta or otherwise they have intimated that an indigent person, convicted for a violation of a city ordinance, quasi criminal in nature and often referred to as a petty offense, is entitled to a casemade or transcript at city expense in order to perfect an appeal from said conviction. This being true, we are of the opinion that the relief prayed for should be, and the same is hereby, denied. Writ denied.

BRETT, J., concurs.