WILLIAMS *v.* OKLAHOMA CITY ET AL.

No. 841.   Argued April 1–2, 1969.—Decided June 9, 1969.

*Jon F. Gray* argued the cause and filed a brief for petitioner.

*Giles K. Ratcliffe* argued the cause for respondents. With him on the brief was *Roy H. Semtner.*

PER CURIAM.

Petitioner, an indigent, had no funds to pay for a transcript of the trial proceedings in the Municipal Criminal Court of Oklahoma City required to prepare the "case-made" needed to perfect his appeal to the Oklahoma Court of Criminal Appeals from his conviction for drunken driving and the imposition of a 90-day jail sentence and a $50 fine.* The trial proceedings had been

---

*The pertinent Oklahoma statutes provide as follows:

Okla. Stat. Ann., Tit. 22, § 1059 (1958):

"In all criminal cases appealable to the Criminal Court of Appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court may be sent to the appellate court in lieu of all other records or bills of exception; or the proceeding in the appellate court may be as provided in the next section."

Okla. Stat. Ann., Tit. 22, § 1060 (Supp. 1968):

"Instead of the appeal hereinbefore provided for, any party desiring to appeal to the Court of Criminal Appeals in any criminal

stenographically transcribed pursuant to Oklahoma law, Okla. Stat. Ann., Tit. 11, § 798 (1959), Okla. Stat. Ann., Tit. 20, §§ 110–111 (1962), but the trial court had refused in the absence of statutory authority to order that a copy be provided petitioner at public expense, although finding that petitioner was an indigent whose grounds of appeal were not without merit, and that neither petitioner nor his appointed counsel could make up a transcript of the trial proceedings from memory. The Court of Criminal Appeals, in an original proceeding brought by petitioner, also refused to order that petitioner be provided a copy at public expense. The court agreed with the trial court that no Oklahoma statute or Oklahoma City ordinance authorized such an order, and held further that the Fourteenth Amendment did not mandate "that an indigent person, convicted for a violation of a city ordinance, quasi criminal in nature and often referred to as a petty offense, is entitled to a case-made or transcript at city expense in order to perfect an appeal from said conviction." 439 P. 2d 965 (1968). We granted certiorari. 393 U. S. 998 (1968). We reverse.

"This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. *Griffin* v. *Illinois,* 351 U. S. 12; *Douglas* v. *California,* 372 U. S. 353; *Lane* v. *Brown,* 372 U. S. 477; *Draper* v. *Washington,* 372 U. S. 487." *Rinaldi* v. *Yeager,* 384 U. S. 305, 310–

---

case may proceed by case made and petition in error by filing notice of such intent and by making request for case made, both to be made in writing, in open court, either at the time the judgment is rendered, or within ten days thereafter. In such an appeal the case made must be settled and served and the appeal lodged within the time for such appeal as hereinbefore set out. Instead of the case made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

311 (1966). Although the Oklahoma statutes expressly provide that "[a]n appeal to the Court of Criminal Appeals may be taken by the defendant, *as a matter of right* from any judgment against him . . . ," Okla. Stat. Ann., Tit. 22, § 1051 (Supp. 1968) (emphasis added), the decision of the Court of Criminal Appeals wholly denies any right of appeal to this impoverished petitioner, but grants that right only to appellants from like convictions able to pay for the preparation of a "case-made." This is an "unreasoned distinction" which the Fourteenth Amendment forbids the State to make. See *Griffin* v. *Illinois,* 351 U. S. 12 (1956); *Draper* v. *Washington,* 372 U. S. 487 (1963); *Eskridge* v. *Washington State Board,* 357 U. S. 214 (1958).

The judgment of the Court of Criminal Appeals is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK concurs in the result.