**Lawson ACKIES, Jr., and Willie James Howard, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**E. Wilson PURDY, Director Public Safety Department of Metropolitan Dade County, Florida, Defendant.**

**Civ. No. 69–1062.**

United States District Court,
S. D. Florida.
Aug. 10, 1970.

Bruce S. Rogow, Legal Services Program, Inc., Miami, Fla., and Phillip Hub-

**40**

bart, Asst. Public Defender, Miami, Fla., for plaintiffs.

County Atty. Thomas C. Britton and Asst. County Atty. Gail P. Fels, Miami, Fla., for defendant.

## SUMMARY FINAL JUDGMENT

FULTON, Chief Judge.

The plaintiffs filed suit in this Court challenging the use of master bond schedules for the setting of bail returnable to various Dade County Courts.

This suit was brought pursuant to 42 U.S.C. Section 1983 and jurisdiction alleged under 28 U.S.C. Section 1343(3). It was brought as a class action.

■ The Court finds that it has jurisdiction of this cause and that this action is a proper class action pursuant to Rule 23(a) and (b)(3).

The plaintiffs alleged that they and members of their class were being deprived of their rights to due process, equal protection, and reasonable bail by the use of the defendant of master bond lists.

## FINDINGS OF FACT

The Court finds that there are no genuine issues as to any material facts and the undisputed facts are as follows:

The gravamen of the complaint is that officers of the Metropolitan Dade County Public Safety Department advise persons booked into the Dade County Jail of the amount of their bond according to master bond schedules. These schedules are compiled from various court orders or informal directives given to the Sheriff's office by the respective judges of the Criminal Court of Record in and for Dade County, Florida, the five Justices of the Peace Courts of Dade County, Florida, and the Metropolitan Court in and for Dade County, Florida. The schedules set a certain monetary sum as bail for individual charges. Thus, the booking officer of the Dade County Jail merely consults his list, locates the name of the charge for which a defendant is being booked, ascertains the court to which the charge is return-

able, and advises the defendant of the bail shown on the list.

The booking officer makes no inquiry into the background of the defendant before advising him of the bail, nor is any inquiry made relative to the family or community ties which the defendant may have, whether he is employed, or whether he has ever failed to appear in any court in the past. Nor does the booking officer inquire into the financial ability of the defendant to meet the bond amount set. In essence, the bail is set solely according to the charge.

If a defendant cannot afford to make the bond set, he remains in jail anywhere from three days to three weeks before being brought before a judge. There have been instances of persons being incarcerated for as long as three months because of their inability to make the master bond bail before being brought before a judge. The resultant incarceration of indigents definitely results in overcrowding at the jail facility.

Statistical data from the files of the Criminal Court of Record in and for Dade County, Florida, shows that from January, 1968 until February 18, 1970, a minimum of 680 persons were incarcerated in the Dade County Jail because of their inability to post the master bond bail for approximately 30 days between the time of their arrest and their first appearance before a judicial officer.

## CONCLUSIONS OF LAW

A. *The Sheriff as a Proper Party Defendant.*

■ The defendant's position has consistently been that he is carrying out the orders of the respective courts and that therefore he is not a proper defendant. That position cannot be sustained. The Sheriff is a proper defendant since the plaintiffs merely seek to enjoin him from performing acts which they maintain are violative of the Constitution. The source of the Sheriff's authority is not relevant. If he performs the acts complained of, he may be enjoined. Due v. Tallahassee Theatres, 333 F.2d 630 (5th Cir. 1964).

### B. *The Due Process Issue.*

"The fundamental requisite of due process of law is the opportunity to be heard", Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). The setting of bail by master bond lists deprives defendants of an opportunity to be heard.

Both the Federal and Florida law consider the matter of pre-trial release a question which requires the exercise of discretion by a judicial officer.

Since the function of bail is limited, the fixing of bail for an individual defendant must be based on standards relevant [1] to the purpose of assuring the presence of the defendant. Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951).

Recently the Supreme Court reaffirmed a long line of decisions which require fair hearings in proceedings which may result in a loss of property rights. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Since procedural due process requires a hearing in various administrative proceedings, a fortiori, it requires a hearing before depriving a person of his liberty for periods of days, weeks, or months. Dade County has, by its use of master bond schedules, created a system of detention without any procedural safeguards for defendants.

The failure to hold hearings on pre-trial release also denies the state its right to have reasonable bail set. By using master bond lists the state is deprived of an opportunity to seek more stringent conditions for release for those persons who may not appear at trial. Thus, conducting a hearing would protect both the defendant and the community.

Therefore, the court concludes that the use of master bond lists by the defendant, his agents, servants and employees to set or advise defendants of bail upon being booked into the Dade County Jail on charges returnable to the Criminal Court of Record of Dade County, Justices of the Peace Courts and/or Metropolitan Court of Dade County, Florida, is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### C. *Equal Protection.*

Since Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the law of the land has been that any deprivation of fundamental rights incident to criminal prosecutions which is based upon poverty is in violation of the equal protection clause. Compare Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969).

Here, the use of master bond schedules creates two categories of defendants. One group, able to afford the master bond bail immediately secure their release. The second group unable to post the master bond bail, remain incarcerated for extended periods of time.

The right to pre-trial release under reasonable conditions is a fundamental right, both under the Florida and Federal Constitutions. Where a classification relates to a fundamental right, "its constitutionality must be judged by

---

1. See for example the standards set forth in 4 Fla.Jur. Section 35, p. 106, and the cases referred to therein and Title 18 U.S.C. § 3146(b) commonly known as the Bail Reform Act of 1966, which sets forth the federal criteria for pre-trial release:

In determining what conditions of release would reasonably assure appearance, the judicial officer shall on the basis of available information, take into account the nature of the offense charged, the weight of the evidence against the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings.

See also the ABA Standards, Pre Release.

the strictest standards of whether it promotes a compelling state interest." Shapiro v. Thompson, 394 U.S. 618, 638, 89 S.Ct. 1322, 1333, 22 L.Ed.2d 600 (1969); *See also* Williams v. Rhodes, 393 U.S. 23, 31, 89 S.Ct. 5, 21 L.Ed.2d 24 (1969). The defendant has not shown any compelling interest in creating these two categories. Since the function of bail is limited to assuring the presence of a defendant at trial, Stack v. Boyle, *supra,* it is obvious that money amounts set solely by the charge have no relation to the function of bail. A poor man with strong ties in the community may be more likely to appear than a man with some cash and no community involvement. So, not only is there no compelling interest in incarcerating the poor man because he cannot make the master bond bail, but the classification fails to meet the traditional test for equal protection:

> Equal protection does not require that all persons be dealt with identically, but does require that a distinction made have some relevance to the purpose for which the classification is made. Baxstrom v. Herold, 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966).

Therefore, I conclude that the use of master bond lists by the defendant, his agents, servants, and employees denies poor defendants their right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

### RELIEF

The Court is reluctant to create additional burdens upon the administration of justice in Dade County. However, the mandates of the Constitution must be adhered to, and in the long run, the total community will benefit from procedures which comport with elemental principles of due process and equal protection.

The present use of master bond lists does allow some defendants to secure their immediate release by the posting of the listed bail. For these people, the lists allow them immediate freedom, and the court is not disposed toward forcing these people to remain in jail overnight or until they are brought before a magistrate for a release hearing.

However, having found that the lists themselves violate due process, the court cannot allow persons to submit themselves to the master bond bail unless there has been a knowing and uncoerced waiver. Such a waiver can only be given if the defendant is aware of the consequences of his acts and fully understands that he is forsaking a constitutionally guaranteed right. *See,* Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

It is ordered and adjudged that upon an accused being booked into the Dade County Jail, the Sheriff, his agents, servants, and employees must advise said accused that:

(1) He is entitled to have conditions of release set by a magistrate;

(2) That the conditions of release will be set by the magistrate upon the consideration of the accused's past record of appearance, community and family ties, employment and the offense charged;

(3) That he will be presented to the magistrate without unnecessary delay after these advices are given;

(4) That he may waive his right to such a release hearing by posting the master bond bail in the amount set by the master bond lists. (However, the prosecuting official, upon good cause, may require that a defendant appear before a magistrate without unnecessary delay for the setting of pre-trial release conditions.)

The Court has inserted the third condition as a requirement of waiver because without it a defendant would have no effective choice to make.

This requirement is consistent with Florida requirements for pre-trial proceedings. Florida Statutes §§ 901.06 and 901.23, F.S.A. require that a person

arrested with or without a warrant be presented to a magistrate "without unnecessary delay." The Court takes judicial notice of Florida Statute § 901.01, F.S.A. which makes "all judicial officers of this state * * * committing magistrates, * * *."

The defendant, E. Wilson Purdy, his agents, servants and employees and successors in office are hereby permanently enjoined from advising accused persons booked into the Dade County Jail of their bail according to a master bond list unless the accused has first been informed of his right to have conditions of release set by a magistrate upon consideration of the factors set forth above and thereafter has knowingly and voluntarily waived his right to a hearing. This order shall take effect August 17, 1970.