434 F.2d 598
 Keith LANE, by his next friend and mother, Judith Basden, etc., Plaintiffs-Appellants,
v.
F. L. CORRELL, City Clerk of the City of Miami, Florida, et al., Defendants-Appellees.
 No. 30102 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 19, 1970.
 Rehearing Denied December 17, 1970.
 
 Bruce S. Rogow, Bennett Brummer, C. Michael Abbott, Miami, Fla., for plaintiffs-appellants.
 S. R. Sterbene, Asst. City Atty., Miami, Fla., for defendants-appellees.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 This is a class action instituted by indigent persons to attack a City of Miami ordinance which requires a fee for the issuance of an arrest warrant. They seek declaratory and injunctive relief. Jurisdiction is premised on 28 USCA, § 1343(3) and 42 USCA, § 1983. The district court denied relief. We vacate and remand with direction.
 
 
 2
 Keith Lane is the minor son of plaintiff Basden. After being assaulted on the streets of Miami, he and his mother sought an arrest warrant in the warrant section of the City of Miami police department. They were informed that no warrant could be issued without the payment of a fee of $15.00 as required by municipal ordinance Number 7801. They allege that they were financially unable to pay this fee. No warrant was issued.
 
 
 3
 This ordinance was enacted in 1969 to provide revenue for salary increases for City of Miami employees. It excepted from fees those warrants issued at the instance of city employees acting in their official capacity. This had apparent reference to § 24(a) of the Charter of the City of Miami which provides in pertinent part:
 
 
 4
 "* * * when knowledge of the violation of any ordinance of said city shall come to the said chief of police or policeman, not committed in his presence, he shall make affidavit before the judge or clerk of municipal court against the person charged with such violation, whereupon, said judge or clerk shall issue a warrant for the arrest of such person."
 
 
 5
 Plaintiffs contend that solely because of their poverty, they have been denied access to the Miami system of criminal justice. The essence of their position is that the equal protection clause of the Fourteenth Amendment prohibits the city from denying to them an arrest warrant solely on account of their inability to pay the required fee. Without more, this position is well taken. Williams v. Oklahoma City, 1969, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440; Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.
 
 
 6
 The defense of the city is that the ordinance is superfluous insofar as plaintiffs and their class, indigent persons, are concerned. This defense stems from § 24(a) of the City Charter, supra. That section, according to the city, has been construed by the Florida courts "* * * to eliminate any discretion on the part of the police officer, in regard to obtaining an arrest warrant when he receives information of a violation of an ordinance, by requiring that he seek the issuance of such a warrant." Headley v. State ex rel. Bethune, Fla.App., 1964, 166 So.2d 479, 480-481. While this is the Florida law and the ordinance in question contains an exception for this eventuality, the facts here are that the warrant was denied in the police department.
 
 
 7
 The case was tried on summary judgment although it was finally dismissed for failure to state a claim upon which relief could be granted. It appears from affidavits of record that the city admits that a mistake was made in refusing the warrant because of the inability of plaintiffs to pay the fee. There are other affidavits which indicate that the city is persisting in its enforcement of the fee ordinance against indigent persons. No effort to ameliorate the fee requirement through pauper affidavits or a like process has been established so that indigent persons may seek access to protection of the law through settlement of grievances in the arrest warrant procedure.
 
 
 8
 We conclude that the complaint stated a course of action upon which relief might have been granted. Whether relief should be granted is quite another matter. This will depend on whether the alternative to paying a fee through reporting a supposed violation to a police officer as provided in § 24(a) of the Charter is workable in practice. It may also depend on whether a pauper proceeding has been established in the administration of the fee ordinance. These are matters for the consideration of the district court on remand.
 
 
 9
 It is well to note in connection with this controversy that a citizen has no constitutional right to have an arrest warrant issued. The only constitutional right involved here is the citizen's ability to set in motion the governmental machinery which redresses violations of municipal ordinances; i.e., the right to seek an arrest warrant. Costs such as the fee in question here, no less than court costs, may be imposed but the teaching of Griffin v. Illinois, supra, is that concepts of equal protection in the administration of criminal law dictate that a poor person is not to be denied access to the criminal procedure process solely because of poverty.
 
 
 10
 Vacated and remanded with direction.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I