Wayne C. MADDEN, on behalf of all
others similarly situated,
Plaintiff,

v.

William H. GRIFFIN, Recorder, City of
Huntsville, Alabama, and James R. Sturdivant, Deputy Recorder, City of Huntsville, Alabama, Defendants.

No. CA74–H–1–NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

Jan. 22, 1975.

William M. Dawson, Jr., William B. Pugh, Dawson & Pugh, Birmingham, Ala., for plaintiff.

Glenn F. Manning, Watts, Salmon, Roberts, Manning & Noojin, Huntsville, Ala., for defendants.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

The amended complaint filed herein by Wayne C. Madden, individually and on behalf of all others similarly situated, challenged (a) the constitutionality of Section 587 of Title 37 of the Code of Alabama and (b) the constitutionality of the application of such Section 587. Plaintiff requested the court to convene a three-judge district court to consider these challenges. By order entered June 17, 1974, the court refused to convene a three-judge district court for the reason that the questions raised were related to the local application of such statute and not to its general application or to its constitutionality. By the same order, the court allowed Polly B. Rojas to intervene as an individual plaintiff. Her complaint in intervention asserts that her claims are the same as those of the members of the class plaintiff Madden represents and seeks the same relief as sought by plaintiff Madden.

Pursuant to the order entered October 14, 1974, plaintiff Madden and defendants filed a detailed stipulation on November 21, 1974, filed briefs thereafter, and submitted to the court the sole issue of the constitutionality of the procedure utilized by defendants in their implementation of Section 587 of Title 37 of the Code of Alabama (herein sometimes referred to as "the statute" or "Section 587"). Intervenor Rojas did not elect to join in the stipulation, but to the extent that her claims are the same as the claims of the class represented by plaintiff Madden, such claims will be resolved by the court in its resolution of the issue now submitted for decision, and to the extent that her claims are not the same, they are outside the scope of the complaint in intervention. In other words, intervenor Rojas, being a member of the class represented by plaintiff Madden will receive all relief she would be entitled to receive individually by the relief the court will this day give to plaintiff Madden and the class he represents, including intervenor Rojas. Accordingly, an appropriate order will enter dismissing without prejudice the complaint in intervention filed by intervenor Rojas.

It is apparent that the only appropriate defendants are William H. Griffin and James R. Sturdivant, the Recorder and Deputy Recorder, respectively, of the Recorder's Court of the City of Huntsville. The remaining defendants are, at most, nominal defendants, and in view of the stipulation filed herein on November 21, 1974, the court is of the opinion that it would be appropriate to enter an order dismissing this action as to them. Such an order will be entered.

The following is the undisputed factual background sufficient to submit to the court the question of the constitutionality of the procedure followed by defendants in applying the statute in question. The plaintiff Wayne C. Madden was arrested on December 1, 1973, on a charge of petit larceny in violation of a Huntsville municipal ordinance. At his arraignment in the Recorder's Court of the City of Huntsville on December 3, 1973, plaintiff entered a plea of not guilty. On December 4, 1973, at a trial

held before defendant Sturdivant, plaintiff was found guilty, and fined $200 and costs. Plaintiff failed to pay the fine and was therefore sentenced to confinement in the city jail for a term of 29 days in order to defray the fine and court costs. Within five days after the judgment of conviction plaintiff attempted to appeal the judgment to the Circuit Court of Twenty-Third Judicial Circuit of Alabama pursuant to the provisions of Section 587, but he was unable to perfect this appeal by reason of his inability to post the requisite appeal bond with "good and sufficient" sureties. Since plaintiff was unable to perfect an appeal, he continued to serve his jail sentence.

On or about December 19, 1973, while plaintiff was serving his jail sentence, the defendant Sturdivant received a telephone call from an attorney employed by the Legal Aid Society of Madison County, who alleged that the plaintiff Madden was an indigent. This was the first information defendants received concerning plaintiff Madden's possible indigency. On December 20, 1973, defendant Sturdivant granted plaintiff Madden a hearing in order to make a determination as to the allegation of plaintiff's indigency. Upon the evidence the defendant Sturdivant found that plaintiff was indigent and at the conclusion of the hearing ordered that plaintiff be discharged from further imprisonment. Thereafter plaintiff Madden instituted this action.

■ At the outset the defendants have raised a question as to the court's jurisdiction to entertain this action on its merits. Defendants argue that this court lacks jurisdiction in that the court has not been presented with a "case or controversy." It is argued that the plaintiff Madden has no standing to bring this action since any injury suffered by him by reason of the statute's application is done and cannot be undone by the relief he seeks, and therefore any controversy between plaintiff Madden and the defendants Griffin and Sturdivant is rendered moot by the fact that

plaintiff has already served his sentence. The court does not agree with this argument. In this case the court is confronted with one of those situations in which unconstitutional conduct that is capable of repetition would be free from judicial scrutiny if traditional concepts of mootness were allowed to prevail. The court is of the opinion that the mere expiration of the plaintiff's sentence does not render moot the issues raised by him on behalf of the class. Washington v. Lee, 263 F.Supp. 327 (M.D.Ala.1966). If the court were to rule otherwise, because of the permissible duration of recorder's court sentences, in all probability no individual could retain the necessary status for a period of time sufficient for the court to rule on the merits of the substantive question presented. The court therefore concludes that, with regard to prospective application of Section 587 by the defendants, the requisite "case or controversy" is presented and that this class action appropriately presents it.

■ Turning then to a consideration of the substantive question presented, the court finds it to be firmly established that once a state chooses to establish review in criminal cases, it may not foreclose indigents from access to any phase of that procedure solely because of their economic disabilities. Thus in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Supreme Court held that a state's refusal to afford full appellate review of a conviction solely because of an individual's lack of funds with which to buy a transcript was a denial of due process and equal protection. Also in Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969), the Supreme Court held that the refusal to purchase at public expense a copy of the trial transcript which petitioner needed to perfect an appeal of a conviction for drunken driving violated the Fourteenth Amendment. In Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), the Supreme Court was confronted with a state statute that re-

quired the payment of statutory filing fees by an indigent prisoner before an application for a writ of habeas corpus or the allowance of an appeal in such proceedings would be docketed. The Supreme Court found that this precondition also worked a denial of equal protection. In all these cases and others like them the court has played off of a central theme: that though the Constitution does not require that a criminal defendant be afforded judicial review of his conviction, when a state undertakes to provide such review it may not make the availability of that legal process dependent on considerations of wealth. In light of the Supreme Court's many pronouncements on the question of indigency in the criminal context, this court finds it to be clearly established that it is unconstitutional to foreclose indigents from access to any phase of a statutory appellate remedy simply because of their poverty.

In deciding the substantive question presented the court is mindful of the judicial policy against declaring a statute unconstitutional where it is possible to construe the statute in a manner that comports with constitutional requirements. This consideration is particularly appropriate in a case such as the one under consideration where the right to appeal is a legislative gratuity. If the court were to conclude that a strong challenge of the constitutionality of Section 587 were here presented, a three-judge district court would have to be convened. A declaration by that court that Section 587 is unconstitutional would have the effect of foreclosing to all persons, rich and poor alike, an appeal from convictions in the hundreds of recorder's courts throughout the state. Where it is possible to give Section 587 a construction which saves it from this fate and which thus continues to afford the citizens of the state a right of appeal, such construction should be given.

 It is possible to construe in a way which upholds the statute's constitutionality that portion of Section 587 which requires the posting of a "bond with good and sufficient sureties" as a condition to perfecting appeal from a judgment of a recorder's court. Specifically, the court finds there to be no reason why an individual's personal recognizance could not serve as a "bond" under the statute. As to the requirement that the "bond" be accompanied by "good and sufficient sureties," the court notes that nowhere does Section 587 require the surety to be a corporate surety or that the obligation of the surety be secured by cash or valuable property. Thus, the obligation of an individual, as surety, accompanied by the appealing parties' personal recognizance, would appear to satisfy the statute and would be available equally to rich and poor alike. This is not to say that a "better" surety may not be demanded where justified and where the appealing party is financially able to provide it. The terms "good and sufficient" are relative to the circumstances of each defendant seeking to appeal. The court therefore concludes that on its face Section 587 is constitutional.

 The defendants Griffin and Sturdivant, like most other Recorders in the state, have in good faith interpreted the surety requirement of the statute to require the posting of a corporate surety bond or of cash or valuable property as a condition to effecting an appeal from a conviction in a recorder's court. Such an interpretation, though well intended, amounts to an application of Section 587 in an unconstitutional manner insofar as indigents are concerned. In finding unconstitutional the defendants' application of the statute to indigents, the court wishes to stress that there is no constitutional infirmity in a procedure that requires posting of cash or valuable property as a condition to perfecting an appeal. It is only where that requirement operates as a practical matter to foreclose judicial review that such a procedure is without constitutional validity. It is clear that where an individual is economically unable to post such security, such requirement operates in a discriminatory manner and hence operates

unconstitutionally. But the defendants Griffin and Sturdivant are not required to assume that a person is indigent and may continue their present practice of insisting upon a corporate surety bond or cash or valuable property until their specific attention is directed to the possible indigency of a particular person and credible evidence is presented to them demonstrating that such insistence forecloses a right of appeal to a particular person by reason of his poverty. Since the indigency of plaintiff Madden was not brought to the attention of defendants until after the expiration of the time within which an appeal could have been perfected, as an individual plaintiff Madden is entitled to no relief.

An appropriate order will be entered.