# MILLER v STATE OF FLORIDA
## Case No. 85-3985
Second Judicial Circuit, Leon County
October 20, 1987

## APPEARANCES OF COUNSEL
**Paula S. Saunders,** Assistant Public Defender, for appellant.
**Elaine K. Ashley,** Assistant State Attorney, for appellee.

## OPINION OF THE COURT
P. KEVIN DAVEY, Circuit Judge.

Miller appeals from a County Court judgment sentencing him to ten (10) days in jail for a violation of probation. The issue to be determined is whether a Defendant may be subsequently incarcerated for a violation of probation where a pretrial "Order of No Imprisonment" was entered and the Defendant plead guilty without counsel.[1]

The salient facts are not in dispute. Appellant Miller was arrested for DUI. At his arraignment, the trial court, pursuant to Rule 3.111, Florida Rules of Criminal Procedure, entered an "Order of No Imprisonment" (ONI) and advised Appellant that an attorney would not be appointed to represent him; but that if he entered a guilty plea and was convicted, he would "not be sent to jail." Based upon this representation, Appellant waived counsel, plead no contest, was convicted and sentenced *inter alia* to a six-month term of probation.

Thereafter, he was arrested on a warrant alleging violations of his probation. He appeared with counsel at the violation of probation (VOP) hearing and entered admissions to the VOP allegations. The trial court revoked his probation and imposed a sentence of ten (10) days in the county jail. Miller appeals this sentence on the grounds that it violated the terms of the ONI Order and the Sixth Amendment to the U. S. Constitution.

It is well established that a Defendant may not be imprisoned in connection with an uncounseled conviction unless the Defendant has knowingly and intelligently waived legal counsel. *Argersinger v. Hamlin,* 407 U.S. 25, 92 Sup. Ct. 2006 (1972); *Scott v. Illinois,* 440 U.S. 376, 99 Sup. Ct. 1158 (1979).[2] However, the precise issue to be determined in the instant case appears to be one of first impression.[3] Several cases with analogous situations provide guidance.

In *Baldasar v. Illinois,* 446 U.S. 222, 100 Sup. Ct. 1585 (1980) the Supreme Court held that a valid, uncounseled misdemeanor conviction could not be utilized in conjunction with a subsequent, valid conviction to impose an *increased* term of incarceration under an enhanced

---

[1] Appellant also contests his sentence on the grounds that he should have been give three days of jail credit against this sentence. The state confesses error on this point. Appellant would be entitled to three days of jail credit against any incarcerative sentence. [See *Sapp v. State,* 445 So.2d 1088 (1st DCA 1980).]

[2] In *Scott,* the Supreme Court reaffirmed the principle announced in *Argersinger,* but refused to extend the Sixth Amendment to cases where imprisonment was authorized but *not* imposed.

[3] Respective counsel have advised that their research has uncovered no direct precedent on this issue.

penalty statute. The court cited the 'reliability' rationale of *Powell v. Alabama,* 287 U.S. 69 (1932) and stated that, ". . . a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat offender statute." (See also *Burgett v. Texas,* 389 U.S. 109 (1967) for the same principle as applied to felonies.)

More recently, in *Harrell v. State,* 469 So.2d 169 (1st DCA 1985) the First District ruled upon the obverse issue. In *Harrell,* the Court held that a defendant's probation could not be revoked on the basis of a *subsequent* misdemeanor conviction, which was entered upon an uncounseled no contest plea. In dicta relevant to the issue under consideration here, the Court stated:

> ". . . there is no disagreement that a misdemeanor conviction in which there was no right to counsel provided will not support probation revocation." at 171.

The State argues that the Defendant's Sixth Amendment rights were not implicated because he was afforded counsel at the subsequent VOP hearing. This contention, however, overlooks the fact that Defendant is being sentenced for his original uncounseled DUI conviction and not for the violation of his probation. *Baldasar,* supra, at 226.

The State next argues that the trial court's sentence was proper and valid because under Florida Statute $948.06 a court may impose any sentence on a violation of probation that could have been imposed initially. However, in the instant case, the trial court could not have imposed a jail sentence initially because an Order of No Imprisonment was entered. The choice of this procedure precluded an incarcerative sentence.

Next, the State contends that this Court should not extend the right to counsel any further than the Supreme Court did in *Scott.* Concomitantly, the State urges that such an extension would require the appointment of counsel in all misdemeanor cases.

In *Scott,* supra, the Supreme Court drew the line for an indigent defendant's right to counsel at cases where the Defendant would suffer the penalty of imprisonment. If imprisonment was an authorized, sentence alternative, which a court declined to impose, the Sixth Amendment did not require the appointment of counsel. In the instant case, Appellant faces imprisonment, so the Sixth Amendment right to counsel attaches. This is not an overextension of *Scott.* This is merely

the next logical and constitutional step in the line marked by *Powell v. Alabama,*[4] *Gideon v. Wainright,* [5] and *Argersinger.*

Moreover, the Court is not unaware of the burden that a rule requiring appointment of counsel in *all* misdemeanor cases would impose on the county courts, the State Attorneys and the Public Defenders. These burdens and concerns are real and important and have been noted on numerous occasions by many jurists, including now retired Justice Powell in his dissent in *Baldasar,* at 234. However, constitutional principles may not be abrogated because they are burdensome.

In the instant case, Miller was advised that if he relinquished his right to counsel and entered a plea, he would not be imprisoned pursuant to the ONI procedures. Based upon this information, which also partakes the character of a promise made by the trial court, the Defendant entered an uncounseled plea. While the plea was *voluntary,* it was based on the *knowledge* that his plea would not result in incarceration. When incarceration subsequently became the sentence imposed, his initially valid waiver of counsel became invalid because it was not made *knowingly*—that is with the knowledge that imprisonment could be imposed if he violated his probation.

If a defendant involved in an ONI situation is advised by the trial court initially that a violation of probation may result in imprisonment and the defendant, armed with that knowledge, voluntarily and intelligently waives his right to counsel, a trial court would not be constitutionally prohibited from imposing a sentence of imprisonment in the event of a subsequent violation of probation.

Courts handling misdemeanor cases are not constitutionally required to appoint counsel for all indigent defendants. However, if the trial courts desire to incarcerate ONI misdemeanants for violations of probation, the courts must ensure that the initial waiver of counsel is made with the defendant having the knowledge that subsequent incarceration can or will be imposed, in the event of a violation of probation. The Sixth Amendment to the United States Constitution demands no less.

In the instant case, since Miller's waiver of counsel was not knowingly made, he cannot be imprisoned for his subsequent, admitted violation of probation.[6] Accordingly, it is

---

[4] *Powell v. Alabama,* 287 U.S. 69 (1932).

[5] *Gideon v. Wainwright,* 372 U.S. 335 (1963).

[6] Of course, other non-incarcerative sanctions could be imposed.

116

ORDERED AND ADJUDGED that the Order entered May 14, 1987 nunc pro tunc December 12, 1985 is hereby reversed. The trial court may impose non-incarcerative sanctions or may allow the Defendant to withdraw his uncounseled plea and proceed accordingly.

DONE AND ORDERED in Chambers this 20th day of October, 1987.