## MARSHALL v STATE OF FLORIDA
### Case No. 89-4754
Second Judicial Circuit, Leon County

March 4, 1991

### APPEARANCES OF COUNSEL

**Paula S. Saunders,** Assistant Public Defender, for appellant.

**Elaine K. Ashley,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

L. RALPH SMITH, JR., Circuit Judge.

THIS CAUSE is before the court for review of a post-judgment order of the County Court of Leon County, Florida, denying Defendant's motion for appointment of appellate counsel, entered March 7, 1990, pursuant to Rule 9.600(a), Fla.R.App.P.

Paul Duncan Marshall was tried nonjury for the offense of Simple Battery and found guilty of that offense. At sentencing the County

Court withheld adjudication of guilt and placed the defendant on nonreporting probation for a period of six months. At trial, counsel was not appointed to represent the defendant, notwithstanding his possible indigency, because an Order of No Imprisonment was entered by the court prior to trial. Having not appointed counsel for Mr. Marshall at trial, under these circumstances, the Court limited its sentencing options when he was thereafter found guilty. The Court was precluded from sentencing defendant to any term of imprisonment upon the finding of guilt, and the court is further precluded from imposing a term of incarceration if he violates the probation ordered in this case. *Argersinger v Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed 2d 530 (1972); *Scott v Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed 2d 383 (1979); and *Miller v State,* 25 Fla. Supp. 2d 113 (2d Cir. Ct. 1987).

Subsequent to the imposition of sentence below the defendant moved for the appointment of counsel to represent him on appeal from the final judgment. The lower court found him to be indigent, ordered that a transcript of the lower court proceedings be afforded him at public expense, but declined to appoint appellate counsel at public expense. The lower court did, however, appoint the Public Defender for the sole purpose of seeking appellate review of its order denying defendant's motion for appointment of counsel at public expense to appeal the final judgment. The sole issue presented to this court for review relates to the propriety of not affording appellate counsel at public expense to an indigent on his appeal from a final judgment which did not result in the imposition of any jail sentence and could not have resulted in such restriction on his liberty by virtue of a prior order of no imprisonment.

Appellant readily concedes that no statute requires the appointment of the Public Defender for appellate purposes. He further concedes that no statute requires the appointment of private counsel at public expense for appellate purposes. Appellant contends that he is constitutionally entitled to appellate counsel under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and under the Florida Constitution. Appellant cites numerous authorities in support of the general premise that an indigent is entitled to the same rights and privileges as a non-indigent but he does not cite any authority which holds that appellate counsel should be provided to him at public expense under the facts of this case. Independent research by this Court has revealed none.

Appellant cites *Taylor v Carlisle,* 566 So.2d 576 (Fla. 4th DCA 1990), for the proposition that counsel must be provided to indigent persons in all appeals. This broad assertion was made in the context so as to include an appeal from a misdemeanor conviction such as the

2

instant case. *Taylor v Carlisle* did involve a defendant who was convicted of a misdemeanor and who was not incarcerated by the sentencing court. The district court in that case held that appellate counsel must be provided that defendant for representation in his appeal on the merits. There is a great distinction, however, between *Taylor v Carlisle* and the instant case. In *Taylor v Carlisle*, the defendant was, in fact, represented by the Public Defender at his trial. He was represented because there had been no prior Order of No Imprisonment entered in that case. He was entitled to representation by the Public Defender at trial and is likewise entitled to representation on appeal. If his appeal is affirmed and he violates the probation that is imposed, he may be incarcerated as a result of the violation of probation. Such is not the case involving Mr. Marshall.

Appellant cites numerous federal authorities as apparent support for his contention that he is constitutionally entitled to appellate counsel at public expense under the facts of this case, even though he was not constitutionally entitled to trial counsel. He cites authorities, contending that they clearly support his argument that the entitlement to trial counsel has no bearing whatsoever upon entitlement to appellate counsel. An examination of those authorities, however, clearly shows that there has never been any United States Supreme Court decision or other federal appellate decisions which hold that a defendant under the circumstances of his case, is constitutionally entitled to appellate counsel at public expense.

There can be no doubt that the effective assistance of competent counsel at both the trial and appellate level in all judicial proceedings would be advantageous to any person charged with a crime. This would also be of great assistance to the Court. But the desirability of having counsel is no greater on appeal than it is at the trial level. The United States Supreme Court clearly enunciated this obvious conclusion in *Evitts v Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed 2d 821 (1985), when it stated:

> To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. Clearly, there is no greater need for counsel at the appellate level than at the trial level. When the defendant is not constitutionally entitled to a lawyer at trial, because the "vital interests at stake" are not so great, then he is not entitled to one on appeal. The vital interests remain the same.

Appellant strongly argues that because there are some adverse

consequences which appellant may suffer if the lower court's judgment is affirmed on appeal and there is some inherent stigma which attaches to him by the finding of guilt of this simple battery, that this is a sufficient "vital interest at stake" so as to constitutionally mandate appointment of counsel on appeal. This argument was presented and rejected when the United States Supreme Court drew the line in *Argersinger v Hamlin,* supra, and *Scott v Illinois,* supra, establishing what interests must be at stake before the services of a trial lawyer are required at public expense. This same argument would appear, at first blush to have been more persuasive in the "free transcript cases" which are the underpinnings of Mr. Marshall's argument for his constitutional entitlement to free appellate counsel. It would seem to logically follow that if one is constitutionally entitled to a free transcript that he should also be entitled to a free lawyer to properly utilize the transcript. But, the pertinent cases cited by Mr. Marshall do not even hold that he is entitled to a free transcript under the facts of this case.

Appellant categorically states that free transcripts are constitutionally required for all indigents in their first appeal, in all criminal proceedings. He cites *Mayer v City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed 2d 372 (1971); and *Williams v Oklahoma City,* 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed 2d 440 (1969), in support of that statement. Dicta in these opinions would lead one to accept this broad statement as the law. The County Judge in the instant case, undoubtedly, believed that to be the law. The State has not challenged the lower court's order requiring a free transcript for Mr. Marshall; and, therefore, that issue is not before this Court for decision. But, since dicta has sometimes become somewhat persuasive in our judicial system, it is appropriate to observe that free transcripts are not constitutionally required in all indigent criminal appeals. Certainly the cases relied on by Mr. Marshall do not mandate a free transcript for him. He was not entitled to a free transcript.

In *Mayer,* unlike the facts of the instant case, there had been no order entered by the trial court limiting its sentencing options before trial. There was no order of no imprisonment entered in that case. Mr. Mayer proceeded to trial without any assurance that he would not be incarcerated. He was constitutionally entitled to a lawyer in that case, and an actual jury trial proceeded for a two and one-half to three day period. Mr. Mayer was not sentenced to jail, but he sought an appeal from the decision rendered in that case based upon a jury verdict of guilty. He was constitutionally entitled to free counsel during the appellate process. He was also constitutionally entitled to a free transcript to perfect that appeal, and that was the holding in *Mayer.*

4

That is also the law in Florida. *Taylor v Carlisle.* But that law has no application to the facts of the instant case.

Mr. Marshall's reliance on *Williams v Oklahoma City,* supra, is similarly misplaced. He cites *Williams* as holding "Even an indigent convicted of violating a city ordinance, quasi-criminal in nature and *with no loss of liberty involved,* is entitled to a transcript at government expense." (Reply brief of Appellant at page 7, emphasis supplied). An examination of the opinion of the United States Supreme Court in *Williams v Oklahoma City* reveals that the facts are quite different than that stated by Appellant. In *Williams* there was an appeal from a conviction for drunk driving in which the defendant was sentenced to serve 90 days in the County Jail and pay a fine. Clearly, he was entitled to a lawyer at trial because incarceration was possible and incarceration resulted. He was also entitled to a lawyer on appeal, as well as a free transcript. Those facts are materially different from the facts of the instant case in which Mr. Marshall was not sentenced to any term of imprisonment, and could not have been sentenced to any term of imprisonment because of the prior order of no incarceration. The lower court erroneously relied on *Williams v Oklahoma City,* supra, in ordering a free transcript.

Stated in various ways throughout the some thirty pages of Appellant's briefs is the argument that indigents are to receive the same benefits as the rich in all stages of all judicial proceedings. If the rich person can afford the luxury of appealing a judgment such as that entered against Mr. Marshall, then an indigent person should be afforded that same luxury. But a line simply has to be drawn somewhere on the legal services to which the poor are constitutionally entitled, and those services which may be afforded otherwise.

The Florida Supreme Court has recently addressed the issue concerning legal representation of the poor in its opinion rendered on December 13, 1990, in Amendments to Rules Regulating The Florida Bar. 15 F.L.W. S651. That decision dealt with the obligation of lawyers in Florida to represent the poor as part of their responsibility as officers of the Court and set forth an explanation of the historical basis for the decision. The Court made reference to its earlier decision in *In Interest of D.B.,* 385 So.2d 83 (Fla. 1980), which recognized the obligation of the government to provide counsel when required by the Constitution and the obligation of lawyers under certain other circumstances, holding

When appointment of counsel is desirable but not constitutionally required, the judge should use all available legal aid services, and

**5**

when these services are unavailable, he should request private counsel to provide the necessary services. The Supreme Court held that

> Every lawyer who is a member of the Florida Bar has an obligation to represent the poor *when called upon by the courts* with no compensation therefor. Such appointment may only be challenged on the grounds of abuse of discretion. *id* at S653.

There is no constitutional or statutory right to have a lawyer appointed to represent Mr. Marshall in his appeal from the County Court judgment. The Court may very well have the authority to appoint counsel to represent ONI indigent misdemeanants under the rationale expressed in this recent Florida Supreme Court decision; but, such appointment would be at the discretion of the Court and is not a matter of constitutional right as urged by appellant here.

Under the limited facts presented in this case, it would be an abuse of discretion for the county court to appoint a private lawyer, at no compensation, to represent Mr. Marshall in his appeal. An indigent person should stand in no better stead than a non-indigent person. It seems unlikely that a non-indigent person would expend hard-earned money, probably in excess of $1,000, to appeal a judgment of the county court which withheld adjudication of guilt, imposed no fine, imposed no term of imprisonment, placed him on probation for a period of six months in which he would not even have to report to a probation officer, and if he violated the terms of such probation he could not be imprisoned. Any non-indigent person would clearly examine what is at stake and what are the probabilities of success on appeal before hiring a lawyer for appellate purposes. Unless there are other compelling reasons unknown to the court at this time, it is clear that the interests at stake in this case are not so vital or significant as to justify the expenditure, by a non-indigent, of his or her hard-earned money, to pursue an appeal. An indigent person is no more justified than a non-indigent to pursue such an appeal. No judge should require private counsel to represent Mr. Marshall, with no compensation merely because the Court may have the discretion to do so under certain circumstances. And no judge should be required to appoint counsel at public expense under similar circumstances, merely because a rich person has the luxury of pursuing such an appeal. There is a vast difference between equity and justice for all and unlimited luxuries for all. A line must be drawn which establishes the maximum benefits available to an indigent criminal defendant. The law was drawn in *Argersinger* and *Scott,* and it should not be extended.

6

It is therefore the opinion and decision of this Court that the order entered below should be and is hereby AFFIRMED.

DONE AND ORDERED in Chambers, at Tallahassee, Leon County, Florida, this 4th day of March, 1991.