**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID REDWINE,

      Petitioner-Appellant,

v.

H.N. "SONNY" SCOTT, Warden,

      Respondent-Appellee,

COMANCHE COUNTY DISTRICT
COURT,

      Respondent.

No. 98-6278
(D.C. No. 97-CV-359-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

Proceeding <u>pro se</u>, David Redwine seeks a certificate of appealability to

challenge the district court's denial of his application for a writ of habeas corpus,

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and also moves to proceed <u>in forma pauperis</u> ("IFP"). For the reasons set forth below, we deny both requests.

On January 31, 1995, Redwine pled guilty in the District Court of Comanche County, Oklahoma, to robbery in the first degree by force and fear, and was sentenced to twenty-five years' imprisonment. (<u>See</u> R.# 21, Mag. Rep at 1.) Redwine failed to withdraw his guilty plea within the allotted ten-day period, and otherwise failed to appeal his conviction. (<u>See id.</u> at 2.) However, he subsequently filed an application for state post-conviction relief, which was denied by the state district court. (<u>See id.</u>) Redwine appealed to the Oklahoma Court of Criminal Appeals, but the court dismissed the appeal, finding it barred because Redwine failed to submit either a filing fee or pauper's affidavit within the required time period. (<u>See id.</u>) Redwine later filed a second application for post-conviction relief. The state district court denied the petition as procedurally barred, and the Oklahoma Court of Criminal Appeals affirmed, stating in pertinent part:

> The [post-conviction] provisions of 22 O.S. 1991, § 1080, are not a substitute for a direct appeal. Permitting one to by-pass or waive a timely and direct appeal and proceed under 22 O.S. 1991, § 1080, without supplying sufficient reason erodes the limitations and undermines the purpose of the statutory direct appeal. Petitioner's application fails to articulate sufficient reason explaining his failure to timely file a certiorari appeal . . . .

(<u>See id.</u> at 2-3 (internal citations omitted).)

Redwine subsequently filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court, alleging relief on the grounds that the charging Information was not verified by the prosecuting attorney and was not signed by a judge until he had been confined for ten months. (See R.#1, Habeas Pet. at 1; R. # 21, Mag. Rep. at 1.) The district court referred the application to a magistrate judge, who recommended that the petition be dismissed because the procedural default noted by the Oklahoma Court of Criminal Appeals was an independent and adequate state ground, and because Redwine failed to demonstrate cause for the default, or to demonstrate that failure to consider his claims would result in a fundamental miscarriage of justice. (See id. at 3-5 (citing, inter alia, Coleman v. Thompson, 501 U.S. 722, 750 (1991) (if state procedural bar rests on independent and adequate state grounds, habeas review also is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").).)

Redwine filed a timely objection to the magistrate judge's Report and Recommendation, and in reviewing the objections the district court found that Redwine had raised additional facts not presented to or considered by the magistrate judge. (See R.# 41, Mag. Supp. Rep. at 1, 3.) Consequently, the

district court remanded the matter to the magistrate judge for a Supplemental Report and Recommendation in light of the objections. (See R.# 31, Order at 2-3.) The magistrate judge subsequently issued a Supplemental Report and Recommendation, which found that the additional facts failed to demonstrate cause, and again recommended that the habeas petition be denied because Redwine's claims were procedurally barred. (See R.# 41, Mag. Supp. Rep. at 7.) On May 22, 1998, the district court adopted the Supplemental Report and Recommendation and denied Redwine the writ of habeas corpus. (See R.# 47 at 1.)

Redwine then filed a motion for reconsideration and objections to the Supplemental Report and Recommendation. (See id. at 1-2.) The district court treated the motion and objections together as a motion to vacate and concluded that no relief was warranted. (See id. at 2-3.) On July 29, 1998, the district court denied Redwine's application for a certificate of appealability because he failed to make a "substantial showing of the denial of constitutional right" as required by 28 U.S.C. § 2253(c)(2), and denied his motion for IFP status because the appeal was not taken in good faith. (See R.# 53, Order at 1-2.) In this court, Redwine renews his request for a certificate of appealability and IFP status.

Redwine devotes a good portion of his brief to allegations of ineffective assistance of counsel, but for the most part fails to refute the specific reasons why

- 4 -

the district court, adopting the magistrate judge's findings and recommendations, held Redwine's claims barred by Coleman v. Thompson. Although Redwine asserted ineffective assistance of counsel as one cause for his default, the magistrate judge correctly stated that, after a guilty plea, counsel is required to advise a defendant of his appeal right only if (1) the defendant inquires about it, or (2) a claim of error is made on constitutional grounds which could set aside the plea and about which counsel knew or should have known. (See R.# 21, Mag. Rep. at 4-5 (citing Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992); Laylock v. Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989)).)

Although Redwine pointed to his counsel's failure to contact him during the ten-day period for withdrawing his guilty plea, the magistrate judge observed that Redwine "makes no allegation that he contacted his counsel about an appeal during the relevant ten-day time period," and thus is precluded from asserting ineffective assistance of counsel under the first prong of Laylock. (See id. at 5.) With regard to the second prong, Redwine alleged that his counsel knew the charging Information was not verified by the trial judge during his preliminary hearing. Redwine also alleged that his appointed counsel informed him that he could get a plea of less than twenty years, but a "stand-in" attorney who represented him during the plea proceeding informed him that the government's offer was for twenty-five years. The magistrate judge found these allegations

- 5 -

insufficient to warrant setting aside the guilty plea, as a guilty plea is generally subject to collateral attack only on the ground that it was not knowingly and voluntarily entered. (See id. at 5 (citing Tollett v. Henderson, 411 U.S. 258 (1973) (guilty plea generally subject to collateral attack only on ground that it was not knowingly and voluntarily entered); Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (generally, guilty plea intelligently and voluntarily made bars later challenges to pretrial proceedings); see also R.# 41, Mag. Supp. Rep. at 4.) The magistrate judge noted that there was every indication that Redwine knew he would receive twenty-five years under the plea bargain and voluntarily accepted it in lieu of going to trial and facing a possible life sentence. (See R.# 41, Mag. Supp. Rep. at 6.)

As another cause for his procedural default, Redwine asserted that he was not provided with a transcript. The magistrate judge noted, however, that Redwine would be constitutionally entitled to a transcript only if such was necessary for the resolution of his appeal, but that a transcript was not necessary to discover any defects in the charging Information. (See id. at 6 (citing Britt v. North Carolina, 404 U.S. 226 (1971); Williams v. Oklahoma City, 395 U.S. 458, 459 (1969).)

In his brief, Redwine briefly presents two facts which touch upon the district court's finding of procedural bar. First, Redwine submits an affidavit

supporting one claim of cause for his default, namely, that he was not provided with a transcript for an appeal. The first Report and Recommendation stated that Redwine did not seek a transcript at public expense, but Redwine swears in his affidavit that he twice moved for a transcript at public expense. (See Aplt. Br., "Sworn Affidavit.") Second, Redwine states that, during the seventeen days after sentencing when he remained in the county jail, he had written numerous letters to his appointed attorney, but did not receive a response. (See id. at 7-8.)

We reject Redwine's claim that the lack of a transcript could be cause for his default. The magistrate judge correctly observed that the lack of a transcript could not constitute cause excusing Redwine's default because a transcript was not needed to discover any defects in the charging Information which Redwine challenged. (See R.# 21, Mag. Rep. at 6.)

As for Redwine's assertion that he wrote to counsel in the seventeen days following his conviction without response, this contention falls short of alleging that he asked counsel about his appeal rights during the ten-day period for withdrawing his guilty plea. In his habeas petition, Redwine did not allege that he wrote to counsel, but merely stated that, after the guilty plea had been entered, "[s]till no contact had been made with the Petitioner's Public Defender." (R.#1, Habeas Pet. at 12.) Even with liberal construction for Redwine as a pro se petitioner, see Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), we

cannot construe this vague statement as a declaration that Redwine had tried to contact his attorney to inquire into his appeal rights after entry of his guilty plea. If Redwine did in fact try to contact his attorney, as Redwine asserts in his brief, and if he did so to inquire about his appeal rights, then the proper vehicle for Redwine to present such evidence not previously raised is a second application for habeas relief, although Redwine would have to show that the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). In the petition before us, we find that Redwine has failed to demonstrate that ineffective assistance of counsel was cause for his procedural default.[1]

Because Redwine is procedurally barred under Coleman v. Thompson from presenting his claims in federal court, and has not otherwise made a substantial showing of the denial of a constitutional right, we DENY a certificate of

---

[1]Redwine renews other allegations regarding ineffective assistance of counsel which he raised below and which do not bear on the cause of his procedural default. Although the magistrate judge and district court did not address Redwine's claim of ineffective assistance of counsel outside the context of cause for his procedural default, we find such an omission to be harmless, as Redwine does not make the required showing of prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984).

Redwine also claims that the prosecution impermissibly reneged on a plea bargain which provided for twenty-years' imprisonment, and instead offered a plea bargain for twenty-five years imprisonment, with the threat of a life sentence if Redwine proceeded to trial. (See Aplt. Br. at 3, 21-22.) Because Redwine did not raise this claim below, we refuse to exercise jurisdiction over it. See Sac and Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995).

appealability and DISMISS the appeal. Because we agree with the district court that Redwine's claim is not taken in good faith, (see R.# 53, Order at 2 (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)), we DENY his motion for IFP status.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge