<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4135**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMES RENWICK MANSHIP, SR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge.  (1:09-cr-00022-AJT-1)

Submitted:  July 7, 2009         Decided:  July 16, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Renwick Manship, Sr., Appellant Pro Se. George Zachary Terwilliger, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Renwick Manship, Sr., appeals his convictions for failing to wear his seat belt, driving with a broken brake light, and violating national park visiting hours. Manship argues that the magistrate judge and the district court violated his due process rights by denying his request for a jury trial and not allowing him to present evidence in his defense. Further, Manship complains that he did not have access to the audio recording of the proceedings before the magistrate judge in preparing his appeals to the district court and to this court. For the reasons that follow, we affirm.

There is no right to a jury for offenses carrying a maximum penalty of six or fewer months of imprisonment. Lewis v. United States, 518 U.S. 322, 325-27 (1996); see 16 U.S.C. § 3 (2006) (providing that violating the rules and regulations of national parks is punishable by imprisonment for a term not exceeding six months). Therefore, Manship was not entitled to a jury trial.

Manship argues that the district court and the magistrate judge erred by not allowing him to present certain evidence in his defense. During his trial, Manship noted he had written the court asking to present audio evidence with his laptop computer. The magistrate judge stated that he was unaware of any request to use electronic equipment and Manship

had not made an adequate motion.  At that time, the magistrate judge overruled the request.  The magistrate judge did not err by declining to grant Manship's request where Manship did not formally file a motion or adequately explain in his informal request that he desired to use his computer to present evidence in his defense.

Nor did the district court err by declining to permit the introduction of evidence.  A defendant convicted by a magistrate judge may appeal to the district court, but is not entitled to a trial de novo.  Rather, the scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district court.  United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005).  The district court reviews the magistrate judge's findings of fact for clear error and reviews issues of law de novo.  Id. at 306.  Manship was not entitled to present new evidence in the district court because the district court reviewed his appeal, and did not conduct a trial de novo.

Manship complains that the Government did not provide a free copy of the audio recording of the proceedings before the magistrate judge to aid him in preparing his appeals both before the district court and this court.  The Government must provide the materials needed for an adequate defense or appeal of a criminal defendant.  Britt v. North Carolina, 404 U.S. 226, 227 (1971).  In Williams v. Oklahoma City, 395 U.S. 458 (1969), the

3

Supreme Court extended the right to transcripts in appeals of traffic and petty offenses. However, the Government does not need to provide the transcript if it was not necessary for an effective defense or appeal. See Britt, 404 U.S. at 227.

The two factors relevant to the determination of need are "the value of the transcript to the defendant in connection with the appeal or trial," and "the availability of alternative devices that would fulfill the same functions as a transcript." Id. Manship explained in his informal brief that he sought to prove the park police perjured themselves by comparing his recordings of the traffic stops with the recording of the police testimony regarding those stops.

The district court did not err by charging a fee for the audio recording. In forma pauperis status is a statutory prerequisite to a grant of free transcripts, see 28 U.S.C. § 753(f) (2006), and Manship did not apply for that status in district court until after the disposition of his appeal. Moreover, a copy of the recording would not have aided Manship in preparing his appeal to the district court because he could not submit his recording of the traffic stops to compare with the testimony.

Turning to Manship's complaint that he did not receive the audio recording of his trial in preparing his appeal to this court, he submitted his informal brief without asking this court

4

for transcripts or an audio copy to be prepared at the Government's expense. Therefore, we did not have a timely opportunity to consider his request.

Accordingly, we affirm Manship's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED