PER CURIAM.
We grant the petition for writ of certiorari, or in the alternative, writ of mandamus. Our attention is first directed to the question of which remedy is appropriate, where the circuit court, acting in its appellate capacity, denied petitioner’s request for privately appointed appellate counsel upon the public defender’s withdrawal for conflict. While certiorari would certainly be an appropriate remedy, in this instance mandamus may also apply, with the following caveat. The determination of whether a defendant is qualified, because of his indigency, for the continued services of a public defender or special public defender, could not be said to be a ministerial function, and therefore would not be subject to mandamus proceedings. That issue, however, is not presented here. Assuming no issue as to economic eligibility, it would appear that either certiorari or mandamus would be an appropriate remedy.
Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), does not preclude appointment of appellate counsel where appellant is not incarcerated. However, Florida Rule of Criminal Procedure 3.111(b)(1) appears to mandate it in this case. Denial of appellate counsel would *577 certainly result in irreparable harm to petitioner throughout the proceedings below.
Therefore, we quash the orders of the circuit court denying petitioner privately appointed appellate counsel, and direct the court to enter an order in conformity with this opinion.
WALDEN and POLEN, JJ., concur.
WARNER, J., concurs specially with opinion.